IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY JUAN C. COOKE, DATED APRIL 12, 1967, RECORDED IN BOOK OF MORTGAGES 806, PAGE 334, DURHAM COUNTY REGISTRY; A. A. McDONALD, JR., SUBSTITUTE TRUSTEE

No. 7714SC767

(Filed 15 August 1978)

1. **Evidence § 11.7— dead man's statute—deceased's execution of note and deed of trust**

    Testimony by the payee of a note concerning deceased's execution and delivery of the note and a deed of trust securing it and deceased's failure to pay the note when due should have been excluded under the dead man's statute, G.S. 8-51; however, the admission of such testimony was harmless error where there was other competent evidence of the same facts to which the payee testified sufficient to support the trial court's findings of fact.

2. **Mortgages and Deeds of Trust § 25; Seals § 1— foreclosure under power of sale—valid debt—seal—consideration**

    Introduction of a promissory note along with evidence of execution and delivery supported the finding of a valid debt in a proceeding to foreclose under a power of sale contained in a deed of trust securing the note; further-

more, if consideration was necessary to a "valid" debt, the word "seal" beside the maker's signature created a presumption of consideration where there was no proof that the maker did not adopt it as her seal.

**3. Mortgages and Deeds of Trust § 25— foreclosure under power of sale — "holders" of notes**

In a proceeding to foreclose a deed of trust, there was sufficient competent evidence that the beneficiaries of the deed of trust were "holders" of the notes secured thereby where each note was payable to a beneficiary or order, neither note was endorsed, and each note was in the possession of the original payee-beneficiary. G.S. 25-1-201(20); G.S. 45-21.16.

**4. Mortgages and Deeds of Trust § 25— foreclosure under power of sale — default**

There was sufficient evidence of default in a foreclosure proceeding where petitioner introduced evidence of past due notes secured by the deed of trust and possession of the notes by the payee-beneficiaries.

**5. Mortgages and Deeds of Trust § 25— foreclosure under power of sale — holders of valid debt — sufficiency of order**

Trial court's order in a foreclosure proceeding sufficiently found that the beneficiaries of the deed of trust being foreclosed were the holders of a valid debt.

APPEAL by respondents from *McKinnon, Judge.* Judgment entered 9 June 1977, Superior Court, DURHAM County. Heard in the Court of Appeals 20 June 1978.

Petitioner is a trustee under a certain deed of trust from Juan C. Cooke (now deceased) for the benefit of Robert Carpenter and Edith Carpenter covering real property in Durham County. He commenced this special proceeding 8 April 1977 before the Clerk of Court of Durham County seeking an order, pursuant to G.S. 45-21.16, allowing him to proceed to sell the property under the power of sale contained in the deed of trust. The Clerk found the following "facts":

"A. That there is a valid debt existing due the holder as alleged in the Petition.

B. That there has been a default in the terms of the obligation.

C. That there is the right to foreclose under the instrument set forth above.

D. That notice has been given to those so entitled as by law provided.

E. That the Petitioner and holder of the secured Note can proceed with foreclosure pursuant to the terms of the instrument and as by law provided."

George Henry Cooke, both individually and as Administrator of the estate of Juan Carpenter Cooke, gave notice of appeal. A stay was granted. A hearing was held in Superior Court. Sylvia Clayton, a witness to the promissory notes and the notary public who notarized the deed of trust, and Robert Turner Carpenter and Edith Ann Carpenter, the beneficiaries of the deed of trust, testified on behalf of the petitioner. The deed of trust and the two promissory notes which it secured were before the court. The promissory notes dated 12 April 1967 were identical in form, except that Edith Ann Carpenter was the payee of one and Robert Turner Carpenter was payee of the other, and each was in the amount of $7,000 bearing interest at 6% per annum, interest and principal being due and payable one year from date. The notes were signed as follows:

her

/s/ Juan C. X Cooke [Seal]

mark

The notes were witnessed by Sylvia D. Roycroft (now Sylvia Clayton) and B. Ray Olive. The deed of trust was similarly executed, notarized by Sylvia D. Roycroft (now Sylvia Clayton), and recorded. The deed of trust was of even date with the notes, secured the payment of said notes, and contained a power of sale. Sylvia Clayton testified that the notes and deed of trust were executed by the free and voluntary act of Juan C. Cooke.

The trial court concluded that "with sufficient evidence of default found, the holders of the Notes and the Deed of Trust are entitled to proceed with the foreclosure of the same . . ." and ordered that petitioner could proceed with foreclosure.

From that order respondents appeal.

*Joe C. Weatherspoon for petitioner appellee.*

*Roger S. Upchurch for respondent appellant.*

MORRIS, Judge.

[1]   Respondent objected to the testimony of the payees/bene-
ficiaries concerning the notes and transactions as being violative
of the Dead Man's Statute, G.S. 8-51. The maker of the notes and
grantor of the deed of trust is now deceased. G.S. 8-51 provides
that

> "Upon . . . the hearing upon the merits of a special pro-
> ceeding, a party or person interested in the event, . . . shall
> not be examined as a witness in his own behalf or interest,
> . . . against the executor, administrator or survivor of a de-
> ceased person, . . . concerning a personal transaction or com-
> munication between the witness and the deceased person.
> . . ."

The testimony of Robert Carpenter, to which respondent ob-
jected, concerning the note to him and the failure of the deceased
to pay the same when due should have been excluded. The Dead
Man's Statute is clearly applicable to the testimony of a payee of
a promissory note. *McGowan v. Beach*, 242 N.C. 73, 86 S.E. 2d 763
(1955); *see also Perry v. Trust Co.*, 226 N.C. 667, 40 S.E. 2d 116
(1946). The trial court's error in admitting this testimony does
not, however, warrant reversal.

There was sufficient evidence of execution and delivery in
the testimony of the witness Sylvia Clayton. The notes and deed
of trust were before the court. The introduction of the past due
notes along with evidence of their execution and delivery would
make out, in an action upon the notes, a prima facie case for the
entire amount of the notes. *Royster v. Hancock*, 235 N.C. 110, 69
S.E. 2d 29 (1952); *see also Whitley v. Redden*, 276 N.C. 263, 171
S.E. 2d 894 (1970).

The same evidence, absent any evidence to the contrary, is
sufficient to support a finding that the payee/possessor is the
holder of a valid debt and that the debtor has defaulted. Similar-
ly, the deed of trust was before the court and there was inde-
pendent evidence, through Sylvia Clayton, of its execution and
delivery. That deed of trust provides that, upon default, the
trustee "shall . . . sell any or all of said land at public auction.
. . ." Thus, even disregarding Robert Carpenter's testimony,
there was other evidence of the same facts to which he testified

sufficient to support the trial court's findings of fact. Where both competent and incompetent evidence is before the trial court, we assume that the trial court, when functioning as the finder of facts, relied solely upon the competent evidence and disregarded the incompetent evidence. *Anderson v. Insurance Co.*, 266 N.C. 309, 145 S.E. 2d 845 (1966). Therefore, respondent's assignment of error No. 1 does not warrant reversal.

Respondents tendered to the court a "proposed order", moved the court to sign that order, excepted to the denial of that motion, and assigned as error the court's failure to make the findings of fact it contained. Respondents also excepted to the signing of the order proposed by petitioner. This exception is the basis for their assignment of error to the findings of fact contained in the order.

[2] Respondents argue that there is not sufficient evidence to support the required finding that Robert Carpenter and Edith Carpenter are holders of a valid debt. First, is there sufficient competent evidence of a valid debt? As we have previously noted, introduction of a promissory note along with evidence of execution and delivery makes out a prima facie case for the entire amount of the note in an action on a promissory note. *Royster v. Hancock*, supra. That same quantum of evidence, in the absence of probative evidence to the contrary, will support the finding of a valid debt in a proceeding to foreclose under a power of sale. Respondents, also, contend that there cannot be a "valid" debt absent consideration. We take no position as to this general proposition, but we note that the word "seal" beside the maker's signature is legally sufficient to function as a seal, and, in the absence of proof by respondents that the maker did not adopt it as her seal, by law it is her seal. *McGowan v. Beach*, supra. A seal creates a presumption of consideration, *Trust Co. v. Smith Crossroads, Inc.*, 258 N.C. 696, 129 S.E. 2d 116 (1963). Therefore, even if consideration were necessary, there is evidence to support a finding thereof.

[3] Next, is there sufficient competent evidence that Robert and Edith Carpenter are the holders of the notes? G.S. 25-1-201(20) defines a "holder" as "a person who is in possession of . . . an instrument . . . drawn, issued or endorsed to him or to his order or to bearer or in blank." We believe that this definition is applicable

to G.S. 45-21.16. We are undoubtedly dealing with "instruments". One instrument was payable "to Robert Turner Carpenter or order"; the other, "to Edith Ann Carpenter or order". Neither note was endorsed, and each was in the possession of the original payee. Ownership is not indispensable to holdership. *See* G.S. 25-3-301. Respondents do not dispute any of the crucial facts. These facts constitute ample evidence that Robert Carpenter and Edith Carpenter were holders of a valid debt.

[4] Respondents argue that there is not sufficient evidence of default to support a finding of default. We disagree. As we have previously noted, possession and introduction of a past due note makes out a prima facie case as to the entire amount of the note in an action on the note. *Whitley v. Redden, supra.* If the respondent in a proceeding to foreclose under a power of sale fails to offer any evidence to contradict the same type of evidence when it is introduced in a foreclosure proceeding, the trial court's finding of default will not be disturbed on appeal.

[5] Respondents' final argument is that the order of the trial court "does not comply with the requirements of the foreclosure statute." Respondents argue that there was not a proper finding that Robert Carpenter and Edith Carpenter were holders of a valid debt. In his order, the judge referred to Robert Carpenter and Edith Carpenter as holders when he stated that "the holders of the Note" presented evidence of ownership. The order also reveals that he considered the question of whether they were "holders" when he found that "the holders of the Notes and the Deed of Trust are entitled to proceed with the foreclosure of the same. . . ." Similarly, the order incorporated a finding of a valid debt. The findings reflected "evidence of the debt" and clearly included a finding of default. Even if the finding as to "debt" were insufficient, the finding of "default" must necessarily incorporate the concept of a binding obligation which, in this case, was the debt. In any event, the intent of the trial court is plain, and we will not reverse the trial court for harmless error. Rule 61, North Carolina Rules of Civil Procedure.

The judgment of the trial court in ordering that petitioner be allowed to proceed with foreclosure is

Affirmed.

Judges VAUGHN and MARTIN concur.