IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY HANNIA M. ADAMS AND H. CLAYTON ADAMS, DATED OCTOBER 31, 2005, RECORDED IN BOOK 11668, PAGE 2236 IN THE WAKE COUNTY REGISTRY

No. COA09-1455

(Filed 1 June 2010)

**Real Property— foreclosure—power of sale—insufficient evidence of assignment of note**

The trial court erred in authorizing Monica Walker, Matressa Morris, and Nationwide to act as substitute trustees and proceed with foreclosure under a power of sale of real property owned by respondents. The appointment of the substitute trustees identified Deutsche Bank for Soundview as the owner and holder of the note executed on the property which was originally payable to Novastar, but there was insufficient evidence that the note had been transferred and assigned to Deutsche Bank for Soundview.

Appeal by respondents from order entered 1 June 2009 by Judge Carl R. Fox in Wake County Superior Court. Heard in the Court of Appeals 12 April 2010.

*Tatum Law Firm, PLLC, by Brian Steed Tatum, for petitioner-appellee.*

*Brent Adams & Associates, by Cameron V. Frick and Brenton D. Adams, for respondents-appellants.*

MARTIN, Chief Judge.

Respondents Hannia M. Adams and H. Clayton Adams appeal from the trial court's order authorizing Monica Walker, Matressa Morris, and Nationwide Trustee Services, Inc. ("Nationwide") to act as substitute trustees and proceed with foreclosure under a power of sale for the property described in the Deed of Trust recorded in Book 11668 at Page 2236 in the Wake County Register of Deeds. We reverse the trial court's order.

On 31 October 2005, respondent Hannia M. Adams executed an adjustable rate note ("the Note") in which she promised to pay a principal amount of $252,000.00 plus interest to Novastar Mortgage, Inc. ("Novastar"). To secure the loan evidenced by the Note, respondents Hannia M. Adams and H. Clayton Adams executed a Deed of Trust on real property located at 1928 Ridge Road, Raleigh, North Carolina, in

which Novastar, a Virginia corporation located in Cleveland, Ohio, was identified as the lender, and Burke & Associates, located in Charlotte, North Carolina, was identified as the trustee. The parties do not dispute that the Note and Deed of Trust provided that respondents' failure to meet their monthly payment obligations would result in default on the loan obligation under the Note, or that respondents' failure to cure such a default could result in a foreclosure under a power of sale on the property secured by the Deed of Trust.

According to the record before this Court, on 7 January 2009, an Appointment of Substitute Trustee was recorded in the office of the Wake County Register of Deeds, which purported to remove Burke & Associates as the original trustee in the Deed of Trust, and sought to appoint Monica Walker, Matressa Morris, and Nationwide as substitute trustees for the Deed of Trust. This Appointment of Substitute Trustee identified Deutsche Bank National Trust Company as trustee for Soundview Home Loan Trust 2005-4 ("Deutsche Bank for Soundview"), located in San Diego, California, as "the owner and holder of the Note" that was originally payable to Novastar and was secured by the Deed of Trust in which Novastar was identified as the lender. One week later, at the "instruct[ion]" of "the owner and holder of the Note," Monica Walker, as purported substitute trustee, filed a petition with the clerk of court in Wake County alleging that respondents defaulted under the terms in the Deed of Trust and requesting a hearing before the clerk in order to "afford the [r]espondent(s) the opportunity to show cause as to why this Court should not allow the foreclosure sale." The Notice of Hearing indicated that "the current holder of the Deed of Trust . . . and the indebtedness secured thereby" is Deutsche Bank for Soundview.

The matter was heard before the Clerk of Wake County Superior Court on 26 March 2009. After considering the evidence presented, the clerk found that Deutsche Bank for Soundview is the holder of the Note, that said Note is now in default, and that "the instrument securing said debt gives the note holder the right to foreclose under a power of sale." Consequently, the clerk authorized the "Substitute Trustee" to proceed with the power of sale foreclosure under the terms of the Deed of Trust. Respondents appealed the clerk's order to superior court.

On 18 May 2009, the matter was heard in superior court. At the proceeding, Wendy B. Cole, the team lead in the foreclosure department for Nationwide, testified over respondents' objection that Deutsche Bank for Soundview is the current holder of the Note and

Deed of Trust, and indicated that she was provided with an affidavit from "the lender, Deutsche Bank [for Soundview]." The affidavit was signed by the assistant secretary of Deutsche Bank for Soundview, Cindy A. Smith, who testified by said affidavit that: (1) respondents failed to make payments on the Note beginning on 1 June 2008; (2) "[b]ecause of the default, Lender[—identified as Deutsche Bank for Soundview—]at its option and pursuant to the terms of the Note and Deed of Trust has accelerated and declared the entire balance of the indebtedness to be immediately due and payable"; and (3) "Lender [Deutsche Bank for Soundview] has demanded foreclosure of the Deed of Trust securing the same for the purpose of satisfying the indebtedness according to the terms of the Note and Deed of Trust and has authorized [Nationwide] to act on its behalf in this foreclosure proceeding." Ms. Smith's affidavit was introduced into evidence over respondents' objection, as were photocopies of the original Note and Deed of Trust. The photocopied instruments identified Novastar as the original owner and holder of the Note. Ms. Smith's affidavit identified Deutsche Bank for Soundview as "the current owner and holder of the Note and Deed of Trust originally executed by [respondent] Hannia M. Adams . . . for the original amount of $252,000.00 and for the benefit of [Novastar]."

Based on the evidence presented, the superior court found that "the original owner and holder [of the Note], Novastar Mortgage, Inc., . . . transferred and assigned its interest in the Note and Deed of Trust to Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-4 ('Lender'), and Chase Home Finance, LLC is the servicer for the Lender." The court further found that the Note secured by the Deed of Trust was in default and, consequently, authorized Monica Walker, Matressa Morris, and Nationwide to act as substitute trustees and proceed with the foreclosure of the real estate described in the Deed of Trust recorded in Book 11668 at Page 2236 in the Wake County Register of Deeds "in accordance with the terms and provisions of the power of sale contained therein and in accordance with the General Statutes of North Carolina." Respondents appealed to this Court from the trial court's order.

"The applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings." *In re Foreclosure of Azalea Garden Bd. & Care, Inc.*, 140 N.C. App. 45, 50, 535 S.E.2d

IN RE FORECLOSURE OF ADAMS

[204 N.C. App. 318 (2010)]

388, 392 (2000). "Competent evidence is evidence 'that a reasonable mind might accept as adequate to support the finding.' " *Eley v. Mid/East Acceptance Corp. of N.C.*, 171 N.C. App. 368, 369, 614 S.E.2d 555, 558 (2005) (quoting *Andrews v. Fulcher Tire Sales & Serv.*, 120 N.C. App. 602, 605, 463 S.E.2d 425, 427 (1995)).

"A power of sale is a contractual arrangement in a mortgage or a deed of trust which confer[s] upon the trustee or mortgagee the power to sell the real property mortgaged without any order of court in the event of a default." *In re Foreclosure of Michael Weinman Assocs.*, 333 N.C. 221, 227, 424 S.E.2d 385, 388 (1993) (alteration in original) (internal quotation marks omitted). "A power of sale provision in a deed of trust is a means of avoiding lengthy and costly foreclosures by action," whereby "[t]he parties have agreed to abandon the traditional foreclosure by judicial action in favor of a private contractual remedy to foreclose." *Id.* (internal quotation marks omitted). However, while a power of sale provision is meant to "function as a more expeditious and less expensive alternative to a foreclosure by action," *In re Foreclosure of Brown*, 156 N.C. App. 477, 486, 577 S.E.2d 398, 404 (2003), "foreclosure under a power of sale is not favored in the law, and its exercise will be watched with jealousy." *In re Foreclosure of Goforth Props., Inc.*, 334 N.C. 369, 375, 432 S.E.2d 855, 859 (1993) (internal quotation marks omitted).

In a foreclosure proceeding under a power of sale, the lender bears the burden of proving four elements that must be established in order for the clerk of court to authorize the mortgagee or trustee to proceed with the foreclosure: "(i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such . . . ." *See* N.C. Gen. Stat. § 45-21.16(d) (2009); *In re Foreclosure of Brown*, 156 N.C. App. at 489, 577 S.E.2d at 406 ("In a foreclosure proceeding, the lender bears the burden of proving that there was a valid debt, default, right to foreclose under power of sale, and notice."). "On appeal from a determination by the clerk that the trustee is authorized to proceed, the judge of the district or superior court having jurisdiction is limited to determining [*de novo*] the same four issues resolved by the clerk." *In re Foreclosure of Burgess*, 47 N.C. App. 599, 603, 267 S.E.2d 915, 918 (citing *In re Watts*, 38 N.C. App. 90, 94, 247 S.E.2d 427, 429 (1978)), *appeal dismissed*, 301 N.C. 90 (1980).

In order to find that there is sufficient evidence that the party seeking to foreclose is the holder of a valid debt in accordance with N.C.G.S. § 45-21.16(d), this Court has determined that the following

two questions must be answered in the affirmative: (1) "is there sufficient competent evidence of a valid debt?"; and (2) "is there sufficient competent evidence that [the party seeking to foreclose is] the holder[] of the notes [that evidence that debt]?" *See In re Cooke*, 37 N.C. App. 575, 579, 246 S.E.2d 801, 804-05 (1978); *In re Foreclosure of Connolly v. Potts*, 63 N.C. App. 547, 550, 306 S.E.2d 123, 125 (1983) ("A party seeking to go forward with foreclosure under a power of sale must establish, *inter alia*, by competent evidence, the existence of a valid debt *of which he is the holder*." (citing N.C. Gen. Stat. § 45-21.16(d); *In re Foreclosure of Burgess*, 47 N.C. App. at 603, 267 S.E.2d at 918). In the present case, respondents did not present argument challenging the trial court's determination that there existed a valid debt. Instead, the only issue before this Court is whether the trial court erred when it found that Deutsche Bank for Soundview—the party seeking to foreclose—presented competent evidence that it is the current holder of the Note.

This Court has determined that the definition of "holder" in North Carolina's adoption of the Uniform Commercial Code ("UCC") is applicable to the term as it is used in N.C.G.S. § 45-21.16 for foreclosures under powers of sale. *See In re Foreclosure of Connolly*, 63 N.C. App. at 550, 306 S.E.2d at 125; *In re Cooke*, 37 N.C. App. at 579-80, 246 S.E.2d at 805. According to the current UCC definition, a "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." N.C. Gen. Stat. § 25-1-201(21) (2009); *In re Foreclosure of Connolly*, 63 N.C. App. at 550, 306 S.E.2d at 125 ("The Uniform Commercial Code, [then-]G.S. 25-1-201(20) define[d] a 'holder' to be 'a person who is in possession of . . . an instrument . . . issued or indorsed to him or to his order . . . .' " (omissions in original) (citing *Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 203, 271 S.E.2d 54, 57 (1980))); *see also* N.C. Gen. Stat. § 25-1-201(27) (" 'Person' means an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, . . . or any other legal or commercial entity.").

Respondents first contend Deutsche Bank for Soundview did not present competent evidence that it had possession of the Note and Deed of Trust because it offered only photocopies of the Note and Deed of Trust, rather than the original instruments.[1] However, in *In*

---

1. Since no testimony or evidence was presented at trial to suggest that either the original Note or Deed of Trust was lost or destroyed, and since the trial court made no such findings, we do not consider the parties' arguments with respect to this issue.

*re Foreclosure of Helms*, 55 N.C. App. 68, 284 S.E.2d 553 (1981), *disc. review denied*, 305 N.C. 300, 291 S.E.2d 149 (1982), this Court determined that the trial court did not err when it did not require the party seeking to foreclose under a power of sale to present the original promissory note and deed of trust, but instead admitted into evidence photocopies of the instruments, *see In re Foreclosure of Helms*, 55 N.C. App. at 70, 284 S.E.2d at 554-55 (stating that the "best evidence" rule was inapplicable because, "[w]hen the opposing party . . . admits that the documents shown him are correct copies of the original, [as was the case in *In re Foreclosure of Helms*,] the original need not be produced"), and determined that the photocopies of the promissory note and deed of trust were sufficient competent evidence to establish the required elements under N.C.G.S. § 45-21.16(d). *See id.* at 70-71, 284 S.E.2d at 555 ("Since the note and deed of trust were properly admitted, . . . there is ample evidence to support the [trial] court's findings that respondents had executed a deed of trust, that the deed of trust secured a valid debt evidenced by a note payable to [the party seeking to foreclose], and that there had been default in the payment of indebtedness.").

Respondents in the present case admit that "[t]here is no evidence that the copies of the Note and Deed of Trust referred to in the affidavit were not the exact reproductions" of the original instruments. Because respondents do not dispute that the photocopies are "correct copies" of the original instruments, we conclude that Deutsche Bank for Soundview was not required to present the original Note and Deed of Trust at the foreclosure hearing to establish that it was in possession of these instruments. Nevertheless, while "[i]t is the fact of possession which is significant in determining whether a person is a holder, and the absence of possession defeats that status," *see In re Foreclosure of Connolly*, 63 N.C. App. at 550, 306 S.E.2d at 125, "[m]ere possession" of a note by a party to whom the note has neither been indorsed nor made payable "*does not suffice* to prove ownership or holder status." *See Econo-Travel Motor Hotel Corp.*, 301 N.C. at 203, 271 S.E.2d at 57 (emphasis added). Thus, since the photocopies of the Note and Deed of Trust presented to the trial court indicate that the original holder of both instruments was Novastar, not Deutsche Bank for Soundview, and since these photocopies do not indicate that Novastar negotiated, indorsed or transferred the Note to Deutsche Bank for Soundview, respondents contend the photocopied instruments alone were not sufficient to establish that Deutsche Bank for Soundview is the current holder of the Note. *Cf. In re Foreclosure of Helms*, 55 N.C. App. at 69-70, 284 S.E.2d at 554

(indicating that the party seeking to foreclose by power of sale and the party named as the original lender and holder of the note and deed of trust were one and the same, and so concluding that the photocopies of the original instruments were sufficient competent evidence to support the trial court's findings, including its finding that the party seeking to foreclose was the holder of the Note).

Nonetheless, respondents concede that this Court has upheld the use of affidavits as competent evidence to establish the required statutory elements in *de novo* foreclosure appeal hearings. *See In re Foreclosure of Brown*, 156 N.C. App. at 486-87, 577 S.E.2d at 404-05 (concluding that the affidavit, along with the note and deed of trust, "constitute[d] sufficient competent evidence of a valid debt and default" when requiring an out-of-state lender and an out-of-state servicer of a mortgage loan to present "live witness testimony, through a corporate officer or employee, at the hearing as to the existence of the statutory foreclosure elements would frustrate the ability of . . . [a] deed of trust's power of sale provision to function as a more expeditious and less expensive alternative to a foreclosure by action"). We recognize that, in the present case, the testimony by affidavit from Ms. Smith,[2] the assistant secretary of Deutsche Bank for Soundview—an out-of-state entity—as well as the in-person testimony offered by Ms. Cole indicated that Deutsche Bank for Soundview is the current holder of the Note and Deed of Trust. However, neither the in-person testimony from Ms. Cole nor the testimony by affidavit from Ms. Smith expressly showed that Novastar transferred or assigned its interest in the Note and Deed of Trust to Deutsche Bank for Soundview. Moreover, as we discussed above, the photocopied Note and Deed of Trust, which were described in Ms. Smith's affidavit as "exact reproductions" of the original instruments, do not show that the Note was indorsed, transferred, or otherwise made payable by Novastar, the original holder of the instrument, to Deutsche Bank for Soundview. Thus, whereas the record in *In re Foreclosure of Brown*, 156 N.C. App. 477, 577 S.E.2d 398 (2003), also included an Assignment of Deed of Trust as evidence showing that the original holder of the note and deed of trust had assigned its interest in said instruments to the party seeking to foreclose on the respondent-borrowers, the record before the trial court in the present

---

2. Since respondents made no objection to the court's admission of Ms. Smith's affidavit on the grounds that Ms. Smith lacked the personal knowledge necessary to testify by affidavit on the matters contained therein, respondents' argument on this issue is not properly before us and we do not address it. *See* N.C.R. App. P. 10(b) (amended Oct. 1, 2009).

case contained no such additional evidence. Accordingly, because a foreclosure under a power of sale is not favored in the law and must be "watched with jealousy," *see In re Foreclosure of Goforth Props.*, 334 N.C. at 375, 432 S.E.2d at 859 (internal quotation marks omitted), we must conclude that the evidence presented to the trial court was not sufficient to establish that the Note was payable to Deutsche Bank for Soundview, and so was not sufficient to support the trial court's finding of fact that "Novastar Mortgage, Inc., . . . transferred and assigned its interest in the Note and Deed of Trust to Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-4 ('Lender')." *See, e.g., Smathers v. Smathers*, 34 N.C. App. 724, 725, 239 S.E.2d 637, 638 (1977) ("The notes upon which plaintiff sues were not drawn, issued or indorsed to her or to her order or to bearer or in blank. Therefore, plaintiff is not the holder of the notes within the meaning of the Uniform Commercial Code, G.S. Ch. 25, and the trial court erred in according her the rights of a holder under G.S. 25-3-301."); *see also Econo-Travel Motor Hotel Corp.*, 301 N.C. at 203-04, 271 S.E.2d at 57 (holding that, where a promissory note "had never been made payable to plaintiff or to bearer, nor had it ever been indorsed to plaintiff, . . . defendants established that plaintiff was not the owner or holder of the note"). Therefore, we reverse the trial court's order authorizing Monica Walker, Matressa Morris, and Nationwide to act as substitute trustees and proceed with foreclosure under a power of sale for the property described in the Deed of Trust recorded in Book 11668 at Page 2236 in the Wake County Register of Deeds.

Reversed.

Judges JACKSON and BEASLEY concur.