IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-90
No. COA15-97

Filed: 5 January 2016

Union County, No. 14 CVS 1717

SHAKA GREENE, Plaintiff,

v.

TRUSTEE SERVICES OF CAROLINA, LLC and U.S. BANK, NATIONAL ASSOCIATION, Defendants.

---

Union County, No. 13 SP 183

IN RE:  IN THE MATTER OF THE FORECLOSURE OF REAL PROPERTY UNDER DEED OF TRUST FROM JEFFREY S. KENLEY AND LAURA L. KENLEY, IN THE ORIGINAL AMOUNT OF $296,700.00, AND DATED SEPTEMBER 29, 2005 AND RECORDED ON SEPTEMBER 30, 2005, IN BOOK 3935 AT PAGE 425, UNION COUNTY REGISTRY

TRUSTEE SERVICES OF CAROLINA, LLC, SUBSTITUTE TRUSTEE

Appeal by plaintiff Shaka Greene from orders entered 27 August 2014, and by respondent Shaka Greene from an order entered 3 September 2014 by Judge W. David Lee in Union County Superior Court.  Heard in the Court of Appeals 1 June 2015.

*The Law Office of Erin E. Rozzelle, PLLC, by Erin Rozzelle, for plaintiff/respondent-appellant.*

*Brock & Scott, PLLC, by Jolee M. Wortham, for defendant/petitioner-appellee Trustee Services of Carolina, LLC.*

*Bell, Davis & Pitt, P.A., by Adam T. Duke and D. Anderson Carmen, for defendant/petitioner-appellee U.S. Bank, National Association.*

GEER, Judge.

Shaka Greene has brought two separate appeals arising out of his challenge to a foreclosure sale based on a Deed of Trust on property he purchased at a sale resulting from foreclosure on a claim of lien for nonpayment of homeowners' association dues by the property owners, Jeffrey and Laura Kenley. As the issues presented in the two appeals involve common questions of law, we have consolidated the appeals for purposes of decision.

In COA15-97, Mr. Greene, as respondent, appeals from an order allowing petitioner, U.S. Bank, N.A., through substitute trustee Trustee Services of Carolina, LLC, to proceed with foreclosure on the property. On appeal, Mr. Greene argues that U.S. Bank has not satisfied the requirements set forth in N.C. Gen. Stat. § 45-21.16(d) (2013) in that U.S. Bank failed to establish that it was the holder of the note at issue and failed to show proper service on the Kenleys. However, the exhibits admitted into evidence in the special foreclosure proceeding show that U.S. Bank was in possession of a promissory note indorsed in blank and secured by a Deed of Trust encumbering Mr. Greene's property. These facts are sufficient to show that U.S. Bank is holder of the note and the beneficiary of the Deed of Trust. Additionally, Mr. Greene, who does not dispute that he received proper notice and challenges only the notice to the Kenleys of the hearing on his appeal, has not shown that U.S. Bank failed to give the statutorily-required notice. We, therefore, affirm the order.

In COA15-90, plaintiff Shaka Greene appeals from an order dismissing, pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, his claim to quiet title asserted against defendant U.S. Bank and substitute trustee Trustee Services, brought to prevent any action to foreclose on the property previously owned by the Kenleys and bought and occupied by Mr. Greene. Mr. Greene argues in support of his quiet title claim that U.S. Bank is not the holder of a valid debt secured by a Deed of Trust encumbering Mr. Green's property. Because the complaint showed that U.S. Bank was the holder of the promissory note secured by the Deed of Trust and, therefore, had a valid interest in the property, we hold that Mr. Greene failed to allege sufficient facts to support the quiet title claim. Consequently, we affirm the trial court's order granting the motion to dismiss. Moreover, we agree with defendant Trustee Services that the trial court properly awarded it attorney's fees pursuant to N.C. Gen. Stat. § 45-45.3 (2013) because Trustee Services was an improper party to the quiet title action.

## Facts

On 29 September 2005, Jeffrey and Laura Kenley executed a promissory note (the "Note") in the original amount of $296,700.00 in favor of Homebanc Mortgage Corporation. The Note was secured by a Deed of Trust encumbering certain specified property ("the property") and was recorded in Union County, North Carolina. The Kenleys defaulted under the terms of the Note by failing to make monthly payments

beginning on 1 July 2009. On 11 March 2010, the Kenleys filed for Chapter 7 bankruptcy, and in their bankruptcy petition, the Kenleys stated that they intended to surrender the property.

On 12 March 2010, U.S. Bank, N.A., through David Simpson as substitute trustee, initiated foreclosure proceedings against the Kenleys in Union County special proceeding 10 SP 449. The foreclosure proceeding was stayed due to the Kenleys having filed for bankruptcy. On 16 May 2010, the bankruptcy court granted U.S. Bank's motion for relief from the bankruptcy stay to allow U.S. Bank to proceed with the foreclosure. On or about 30 June 2010, the Kenleys obtained a discharge from bankruptcy that included the debt based on the Note.

The Kenleys also defaulted on their obligations to pay homeowners association dues on the property, and, on 6 October 2011, the Emerald Lake at Country Woods Homeowners Association, Inc. filed a claim of lien on the property. The Homeowners Association foreclosed on the claim of lien and the property was sold at a public sale on 2 May 2012 to the highest bidder, Shaka Greene, for $4,706.41. The Association Lien Foreclosure Deed was a non-warranty deed and was recorded in Union County on 27 July 2012. Mr. Greene did not conduct a title search prior to purchasing the property and understood a possibility existed that the property was encumbered by a superior lien. Mr. Greene occupied the property as his primary residence beginning on 1 August 2012.

On 8 February 2013, U.S. Bank, through substitute trustee Trustee Services, initiated foreclosure proceedings against the Kenleys in 13 SP 183. Mr. Greene, as the record owner of the property, received notice of the foreclosure and appeared at the hearing before the clerk of court on 2 April 2014. After the hearing, the clerk entered an order authorizing the foreclosure sale. On 10 April 2014, Mr. Greene appealed the clerk's order to superior court for de novo review.

On 3 July 2014, while Mr. Greene's appeal of the clerk's order was pending, Mr. Greene filed a complaint in 14 CVS 1717 against Trustee Services and U.S. Bank, and filed an amended complaint on 5 August 2014. In the amended complaint, Mr. Greene asserted a claim to quiet title to the property and a claim seeking injunctive relief to prevent defendants from taking any action to foreclose on the property until the quiet title claim could be heard. The complaint included allegations suggesting that any assignments of the Note to U.S. Bank were invalid, unauthorized, or otherwise defective and that there were also discrepancies in the notices of substitution of trustee. Based upon these allegations, the complaint asserted that there was not a valid debt owed on the property, that the Deed of Trust was invalid, that U.S. Bank was not the holder of any note, and that Trustee Services had no authority to initiate the foreclosure proceeding.

On 14 August 2014, U.S. Bank filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) on the ground that the facts alleged were insufficient to

state any viable claim and that the issues raised in the amended complaint should be heard and determined in the foreclosure special proceeding pursuant to N.C. Gen. Stat. § 45-21.16(d) and (d1). Defendant Trustee Services also moved to dismiss and for attorney's fees pursuant to N.C. Gen. Stat. § 45-45.3 on the grounds that it was improperly joined as a party to the action.

Defendants' motions were heard by Judge W. David Lee on 25 August 2014. Judge Lee granted U.S. Bank's motion to dismiss the civil action filed by Mr. Greene concluding that "the issues raised by the allegations in the complaint, as amended, are issues to be determined in the foreclosure special proceeding pending in Union County, North Carolina, File No. 13 SP 183[.]" The trial court further concluded that Trustee Services was improperly joined as a defendant pursuant to N.C. Gen. Stat. § 45-45.3. In a separate order entered on the same date, the trial court granted Trustee Services' motion for attorneys' fees in the amount of $1,350.00.

Immediately following the hearing on the motions to dismiss the amended complaint in 14 CVS 1717, Judge Lee conducted the de novo hearing in the special foreclosure proceeding, 13 SP 183, pursuant to N.C. Gen. Stat. § 45-21.16(d1). On 3 September 2014, Judge Lee entered an order authorizing foreclosure of the Deed of Trust on the property, finding that all six elements of N.C. Gen. Stat. § 45-21.16(d) were satisfied. Mr. Greene timely appealed all three orders to this Court.

I

We first address Mr. Greene's appeal from the order in the special foreclosure proceeding. Upon filing and service of a notice of hearing on a trustee's request to foreclose pursuant to a power of sale, N.C. Gen. Stat. § 45-21.16(d) provides that the clerk of court shall conduct a hearing and may not authorize a foreclosure sale if he or she finds that there does not exist any one of the following:

> (i) [a] valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) [a] right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), (v) that the underlying mortgage debt is not a home loan as defined in G.S. 45-101(1b) . . . and (vi) that the sale is not barred by G.S. 45-21.12A[.]

The clerk's decision may be appealed to the superior court for a hearing de novo. N.C. Gen. Stat. § 45-21.16(d1). Both the clerk's and the superior court's authority in the special foreclosure proceeding is limited to determining whether the six criteria listed in N.C. Gen. Stat. § 45.21.16 are satisfied. *In re Foreclosure of Young*, 227 N.C. App. 502, 505, 744 S.E.2d 476, 479 (2013). Correspondingly, interested parties who seek to prevent the foreclosure sale from going forward are limited in the special proceeding to challenging the existence of one or more of these six enumerated findings. *Mosler v. Druid Hills Land Co.*, 199 N.C. App. 293, 295-96, 681 S.E.2d 456, 458 (2009). The applicable standard of review on appeal to this Court is " 'whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings.' " *In re*

*Foreclosure of Adams*, 204 N.C. App. 318, 320, 693 S.E.2d 705, 708 (2010) (quoting *In re Foreclosure of Azalea Garden Bd. & Care, Inc.*, 140 N.C. App. 45, 50, 535 S.E.2d 388, 392 (2000)).

In his appeal from the superior court's order in the special foreclosure proceeding, Mr. Greene first argues that the superior court erred in finding the existence of a valid debt of which U.S. Bank is the holder. For the superior court to find that U.S. Bank is the holder of a valid debt in accordance with N.C. Gen. Stat. § 45-21.16(d)(i), "this Court has determined that the following two questions must be answered in the affirmative: (1) is there sufficient competent evidence of a valid debt[;] and (2) is there sufficient competent evidence that [the party seeking to foreclose is] the holder[] of the notes [that evidences that debt?]" *Adams*, 204 N.C. App. at 322, 693 S.E.2d at 709 (internal quotation marks omitted). Mr. Greene concedes that a valid debt exists, and the issue on appeal is whether or not competent evidence exists to support the superior court's finding that U.S. Bank is the current holder of the Note.

The definition of "holder" under the Uniform Commercial Code ("UCC"), as adopted by North Carolina, controls the meaning of the term as used in N.C. Gen. Stat. § 45-21.16(d)(i). *In re Foreclosure of Gilbert*, 211 N.C. App. 483, 490, 711 S.E.2d 165, 171 (2011). The UCC defines "holder" as including "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person

that is the person in possession[.]" N.C. Gen. Stat. § 25-1-201(b)(21)(a) (2013). When a negotiable instrument is indorsed in blank, the "instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specifically indorsed." N.C. Gen. Stat. § 25-3-205(b) (2013). Here, the Note presented to the superior court by U.S. Bank was (1) indorsed in blank and (2) in the possession of U.S. Bank.

Mr. Greene argues that the record does not contain sufficient evidence that U.S. Bank is the holder of the Note because U.S. Bank did not present evidence regarding the transfer of the Note to U.S. Bank or how it otherwise came into possession of the Note. In support of this argument, Mr. Greene relies solely on *Gilbert*, 211 N.C. App. at 492, 711 S.E.2d at 172, contending that production by a party of an original note at trial does not, in itself, establish that the note was transferred to that party with the purpose of giving them the right to enforce the instrument. In *Gilbert*, however, in contrast to this case, the note presented to the trial court was not indorsed in blank, but rather was specially indorsed, and the party in possession of the note was not the entity to whom the note was payable. *Id.* (noting that "the Note was not indorsed to Petitioner or to bearer, a prerequisite to confer upon Petitioner the status of holder under the UCC").

Contrary to Mr. Greene's contention, there is no provision of the UCC requiring a party in possession of a note indorsed in blank to show transfer of the note in order

to enforce it. Instead, "[i]t is the fact of possession which is significant in determining whether a person is a holder" of a note indorsed in blank. *In re Foreclosure of Connolly*, 63 N.C. App. 547, 550, 306 S.E.2d 123, 125 (1983). Whenever this Court has held that mere possession of the original note was insufficient to satisfy the definition of a holder, the "original notes were either (1) not drawn, issued, or indorsed to the party, to bearer, *or in blank*, or (2) the trial court neglected to make a finding in its order as to which party had possession of the note at the hearing." *In re Foreclosure of Manning*, 228 N.C. App. 591, 598, 747 S.E.2d 286, 292 (2013) (emphasis added).

Here, because the Note was indorsed in blank and U.S. Bank had possession of the Note, the superior court properly determined that U.S. Bank was the holder of the Note, satisfying N.C. Gen. Stat. § 45-21.16(d)(i). *See In re Foreclosure of Cornish*, ___ N.C. App. ___, 757 S.E.2d 526, 2014 WL 636969, at *2, 2014 N.C. App. LEXIS 216, at *4 (2014) (unpublished) (holding that the note indorsed in blank "became payable to its bearer" and " '[i]n this instance, the production of the note [was] sufficient to prove the lender's status as the holder of the note' ").

Mr. Greene also argues that the superior court erred in finding that the notice requirement was met with respect to the Kenleys. Mr. Greene, the record owner of the property, does not dispute that he received proper notice or that the Kenleys received proper notice of the initial hearing before the clerk of court. Mr. Greene

argues only that U.S. Bank did not properly serve the Kenleys with notice of the calendaring of the hearing on Mr. Greene's appeal of the clerk of court's decision. The Kenleys, however, did not appeal the clerk of court's decision. Mr. Greene has made no showing on appeal regarding how he has been prejudiced by or how he has standing to contest the adequacy of the notice to the Kenleys of the hearing on his appeal. The superior court, therefore, properly found that U.S. Bank met the notice criteria of N.C. Gen. Stat. § 45-21.16(d).

Lastly, with respect to the special foreclosure proceeding, Mr. Greene argues that the superior court erred in directing that the bond posted by Mr. Greene, pursuant to N.C. Gen. Stat. § 45-21.16, be paid to U.S. Bank. Because the superior court correctly found that all six elements of N.C. Gen. Stat. § 45-21.16 were satisfied, the court properly ordered the bond paid to U.S. Bank. *See In re Simon*, 36 N.C. App. 51, 57, 243 S.E.2d 163, 166 (1978) (explaining that bond " 'protect[s] the prevailing party from any probable loss by reason of the delay in the foreclosure' " (quoting N.C. Gen. Stat. § 45-21.16(d) (1977))). Accordingly, we affirm the 3 September 2014 order authorizing foreclosure on the property.

## II

With respect to the civil action, 14 CVS 1717, Mr. Greene argues that the trial court erred by granting defendants' Rule 12(b)(6) motions to dismiss his claims to quiet title and for injunctive relief.

> When a party files a motion to dismiss pursuant to Rule 12(b)(6), the question for the court is whether the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. A complaint may be dismissed pursuant to Rule 12(b)(6) where (1) the complaint on its face reveals that no law supports a plaintiff's claim, (2) the complaint on its face reveals the absence of facts sufficient to make a good claim, or (3) the complaint discloses some fact that necessarily defeats a plaintiff's claim. An appellate court reviews *de novo* a trial court's dismissal of an action under Rule 12(b)(6).

*Horne v. Cumberland Cnty. Hosp. Sys., Inc.*, 228 N.C. App. 142, 144, 746 S.E.2d 13, 16 (2013) (internal citations and quotation marks omitted).

Defendants argue that the trial court properly dismissed Mr. Greene's claims based on the prior pending action doctrine. Pursuant to that doctrine, "where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action." *Eways v. Governor's Island*, 326 N.C. 552, 558, 391 S.E.2d 182, 185 (1990). The doctrine applies where " 'the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded[.]' " *Jessee v. Jessee*, 212 N.C. App. 426, 438, 713 S.E.2d 28, 37 (2011) (quoting *Cameron v. Cameron*, 235 N.C. 82, 85, 68 S.E.2d 796, 798 (1952)).

In the civil action, Mr. Greene seeks to enjoin defendants, the same parties as in the foreclosure proceeding, from taking any action to foreclose on the property on

the grounds that: (1) there is no valid debt on the property, (2) the Deed of Trust is invalid, and (3) U.S. Bank is not the holder of the note and Deed of Trust to the property. Each of these grounds were issues that were to be decided in the foreclosure special proceeding pursuant to N.C. Gen. Stat. § 45-21.16(d). Thus, the parties, the subject matter, and the issues involved are the same in the prior pending foreclosure proceeding as in the civil action.

With respect to the relief sought, while Mr. Greene's claim for injunctive relief in the civil action is identical to the relief sought in the foreclosure proceeding, Mr. Greene's quiet title claim also sought to "recover judgment that the cloud of Defendant U.S. Bank's adverse claim be removed from his title to the property and that Plaintiff be declared the owner in fee simple of the property, free and clear of any claim of the Defendant U.S. Bank." Mr. Greene argues that the relief sought in the quiet title claim cannot be granted in the foreclosure special proceeding and, therefore, the prior action pending doctrine does not apply. Assuming, without deciding, that the doctrine does not apply to the quiet title claim, we hold that the superior court properly granted the motion to dismiss because the amended complaint fails to sufficiently allege a claim to quiet title.

Actions to quiet title are controlled by N.C. Gen. Stat. § 41-10 (2013), which provides that such an action "may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of

determining such adverse claims[.]"  The purpose of the statute creating a cause of action to quiet title is to " 'free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion. . . .' "  *Resort Dev. Co. v. Phillips*, 278 N.C. 69, 77, 178 S.E.2d 813, 818 (1971) (quoting *Christman v. Hilliard*, 167 N.C. 4, 8, 82 S.E. 949, 951 (1914)).  " 'A cloud upon title is in itself a title or encumbrance, apparently valid, but in fact invalid.' "  *York v. Newman*, 2 N.C. App. 484, 488, 163 S.E.2d 282, 285 (1968) (quoting *McArthur v. Griffith*, 147 N.C. 545, 549, 61 S.E. 519, 521 (1908)).

"To establish a *prima facie* case for removing a cloud upon title, two requirements must be met: (1) the plaintiff must own the land in controversy, or have some estate or interest in it; and (2) the defendant must assert some claim in the land adverse to plaintiff's title, estate or interest."  *Hensley v. Samel*, 163 N.C. App. 303, 307, 593 S.E.2d 411, 414 (2004).  This Court has held that "[a]n invalid deed of trust would constitute an interest in real property adverse to the interest of the property owner."  *Kelley v. CitiFinancial Servs., Inc.*, 205 N.C. App. 426, 430, 696 S.E.2d 775, 779 (2010).

In this case, Mr. Greene's complaint alleges that he is the owner of the property, and defendant U.S. Bank claims an interest in the property as the holder and beneficiary of a Deed of Trust and promissory note secured by the property.  The

complaint alleges that U.S. Bank's claim is not valid because "Defendant U.S. Bank is not and cannot illustrate that it is in fact the holder and legal beneficiary of a valid Deed of Trust and promissory note secured thereby of the land [and] Defendant U.S. Bank is not the original beneficiary to the Deed of Trust and promissory note, and cannot establish proper chain of title from Homebanc Mortgage Corporation to illustrate a valid legal interest in the land."

However, Mr. Greene's allegation regarding the validity of U.S. Bank's claim is a legal conclusion that is not entitled to a presumption of validity. *See Guyton v. FM Lending Servs., Inc.*, 199 N.C. App. 30, 33, 681 S.E.2d 465, 469 (2009). Rather, the question on appeal is whether the factual allegations of the complaint, taken as true, show that U.S. Bank's claim is invalid.

With respect to Mr. Greene's claim that the Deed of Trust itself is invalid, we first emphasize that Mr. Greene does not challenge the validity of the Note and Deed of Trust when executed or recorded. By its terms, the Deed of Trust is to be cancelled when payment of all sums secured by it has been paid, and the complaint does not allege payment of the Note in full.

Mr. Greene's argument that the Deed of Trust is invalid is based solely on factual allegations involving MERS, Inc., which was assigned the Deed of Trust and Note after Homebanc Mortgage filed for bankruptcy. Mr. Greene argues that through the securitization process employed by MERS, Inc. to create marketable mortgage-

backed securities, the Note and the Deed of Trust are separated, thereby rendering

the Deed of Trust void and unenforceable. This theory is foreclosed by N.C. Gen. Stat.

§ 47-17.2 (2013) which specifies that:

> A transfer of the promissory note or other instrument
> secured by the deed of trust, mortgage, or other security
> interest that constitutes an effective assignment under the
> law of this State shall be an effective assignment of the
> deed of trust, mortgage, or other security instrument. The
> assignee of the note shall have the right to enforce all
> obligations contained in the promissory note or other
> agreement, and all the rights of the assignor in the deed of
> trust, mortgage, or other security instrument, including
> the right to substitute the trustee named in any deed of
> trust, and to exercise any power of sale contained in the
> instrument without restriction.

In other words, the Note and the Deed of Trust are not separated through the

securitization process: transfer of the Note constitutes "an effective assignment of the

deed of trust," and the holder of a note can enforce both the note and the Deed of

Trust. *Id.; see also Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 623 (4th Cir.

2011) (rejecting argument that securitization of promissory note caused Deed of Trust

to split from note and become unenforceable, and holding that transfer of note

necessarily involves transfer of underlying security). Accordingly, we hold that

plaintiff's complaint fails to show that the Deed of Trust is invalid.

Nor are the allegations in Mr. Greene's complaint sufficient to show that U.S.

Bank is not the holder of the Note or Deed of Trust. Mr. Greene attached as exhibits

to the amended complaint both the Note that U.S. Bank presented to the clerk of court in the foreclosure hearing and the Deed of Trust. The Note indorsed in blank states that "the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" The Deed of Trust states, in turn, that the "Lender is the beneficiary under this Security Instrument." The Fourth Circuit has interpreted the "Lender" in a Deed of Trust containing identical language to that in this case to encompass not only the original Lender specifically named in the Deed of Trust (in this case, Homebanc Mortgage Corp.), but also any subsequent purchasers of the Deed of Trust. *See id.* at 625. This interpretation is consistent with the provision in the Deed of Trust that "[t]he covenants and agreements of this Security Instrument shall bind . . . and benefit the successors and assigns of Lender."

Because the Note was indorsed in blank, the discrepancies in the Assignments of Deed of Trust alleged in the complaint are irrelevant. All that was required to show that U.S. Bank is the holder of the Note and beneficiary of the Deed of Trust was that U.S. Bank has possession of the Note. The amended complaint alleges that U.S. Bank submitted the Note, indorsed in blank, to the clerk of court at the foreclosure special proceeding. That allegation is sufficient to show that U.S. Bank had possession and was the holder of the Note and, therefore, has a valid interest in the property.

Because the amended complaint's allegations establish that U.S. Bank had a valid interest in the property, the amended complaint does not state a valid claim to quiet title. Accordingly, the trial court properly dismissed plaintiff's amended complaint. *See Joy v. MERSCORP, Inc.*, 935 F. Supp. 2d 848, 867 (E.D.N.C. 2013) (dismissing quiet title claim when it was undisputed that borrower had defaulted on mortgage loan, and complaint's allegations that bank engaged in practice of "rubber-stamping" assignments, therefore invalidating assignments did not provide any factual basis for removing Deed of Trust as an encumbrance on property).

We next address whether the trial court erred in concluding that Mr. Greene improperly joined Trustee Services as a party to this action and in awarding attorneys' fees pursuant to N.C. Gen. Stat. § 45-45.3. N.C. Gen. Stat. § 45-45.3 provides, in pertinent part:

> (c)      Except in matters relating to the foreclosure of the deed of trust or the exercise of a power of sale under the terms of the deed of trust, the trustee is neither a necessary nor a proper party to any civil action or proceeding involving (i) title to the real property encumbered by the lien of the deed of trust or (ii) the priority of the lien of the deed of trust. *Examples of civil actions or proceedings in which the trustee is neither a necessary nor a proper party include, but are not limited to,* civil actions or proceedings relating to:
>
> . . . .
>
> (3)      The establishment or correction of title to real property, including, but not

> limited to, *actions to quiet title*, reform
> land records, or resolve boundary line
> disputes.

(Emphasis added.)

This statute unambiguously states that the trustee is not a proper party to "civil actions or proceedings relating to . . . actions to quiet title." *Id.* Mr. Greene argues, however, that the clause " '[e]xcept in matters relating to the foreclosure of the deed of trust or the exercise of a power of sale under the terms of the deed of trust' " creates an exception to the specific types of proceedings to which a trustee is not a proper party. (Emphasis omitted; quoting N.C. Gen. Stat. § 45-45.3(c).) We disagree.

This clause modifies and creates an exception to the general rule stated in the latter part of the first sentence: that the trustee is not a proper party to any civil action or proceeding involving title to real property encumbered by the lien on the Deed of Trust or the priority of the lien on the Deed of Trust. The second sentence, however, provides examples of the types of cases where the exception to the general rule would not apply. In other words, the "examples" listed in the statute are cases that do not relate to the foreclosure of the Deed of Trust or the exercise of a power of sale under the terms of the Deed of Trust.

Additionally, we believe that "matters relating to the foreclosure of the deed of trust or the exercise of a power of sale under the terms of the deed of trust," *id.*, refers

to foreclosure special proceedings pursuant to N.C. Gen. Stat. § 45-21.16(d), and to

actions to enjoin a foreclosure sale pursuant to N.C. Gen. Stat. § 45-21.34 (2013). N.C.

Gen. Stat. § 45-21.34 provides:

> Any owner of real estate, or other person, firm or corporation having a legal or equitable interest therein, may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming fixed pursuant to G.S. 45-21.29A to enjoin such sale, upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which the court may deem sufficient[.]

These are the two avenues pursuant to which a party may contest the

foreclosure of the Deed of Trust or the exercise of a power of sale under the terms of

the Deed of Trust. Further, both of these statutory proceedings expressly

contemplate the participation of the trustee. The trustee is the person holding legal

title to the property and the person who is tasked with exercising the power of sale.

*See* N.C. Gen. Stat. § 45-21.16(a), (d) (providing that trustee initiates foreclosure

special proceeding by filing notice of hearing and serving notice on all interested

parties; "the clerk shall authorize the mortgagee or trustee to proceed under the

instrument, and the mortgagee or trustee can give notice of and conduct a sale

pursuant to the provisions of this Article"). When relief is granted pursuant to N.C.

Gen. Stat. § 45-21.34, the trustee is enjoined from carrying out the foreclosure sale.

Trustees are necessary parties to proceedings pursuant to N.C. Gen. Stat. §§ 45-21.16 and 45-21.34 because the trustee is the party tasked with facilitating the process.

In contrast, in other civil proceedings regarding title to real property encumbered by the lien of the Deed of Trust or the priority of the lien of the Deed of Trust, including the specific examples listed in N.C. Gen. Stat. § 45-45.3, there are no statutory duties for the trustee to fulfill and his participation in the proceeding serves no purpose. Accordingly, we agree with the trial court's interpretation of N.C. Gen. Stat. § 45-45.3 and with its conclusion that Trustee Services was an improper party to join as a defendant in the action to quiet title.

N.C. Gen. Stat. § 45-45.3(d)(3) provides that if a trustee is improperly joined as a party and makes an appearance in the action, the party who improperly joined the trustee is "liable to the trustee for all the expenses and costs incurred by the trustee in the defense of the action or proceeding or in obtaining the trustee's dismissal from the action or proceeding, including the reasonable attorneys' fees actually incurred by the trustee." Therefore, the trial court did not err in awarding attorneys' fees. Because Mr. Greene does not argue that the amount of fees awarded was unreasonable, we affirm the order.

AFFIRMED.

Chief Judge McGEE and Judge TYSON concur.