FIRST NATIONAL BANK OF HENDERSON ET AL. v. B. H. HICKS, TRUSTEE, ET AL.

(Filed 10 October, 1934.)

**Injunctions H a—Interest on value of property at time of issuance of order for time order is in force may be recovered where value of property is insufficient to pay debt secured thereby.**

Where a temporary order restraining the sale of lands under a mortgage thereon is dissolved and the value of the land does not appreciate or depreciate during the time the injunction is in force, and the value of

BANK *v.* HICKS.

the land at the time of the issuance of the order and at the time of its dissolution is insufficient to pay the debt, the mortgagee is entitled to recover against the injunction bond, within the penal sum thereof, interest on the value of the property at the time of the issuance of the order for the time the order is in force.

APPEAL by respondents from *Devin, J.,* at March Term, 1934, of VANCE. No error.

This was an action to restrain the defendant B. H. Hicks, trustee, from selling the land described in the complaint in accordance with his advertisement under the powers of sale contained in deeds of trust executed to him by S. M. Blacknall, deceased.

A temporary restraining order entered in the action on 26 May, 1931, on motion of the plaintiffs, was dissolved by Grady, J., on 18 March, 1932, pursuant to the decision of the Supreme Court in *Bank v. Purvis,* 201 N. C., 753, 161 S. E., 386. In the order of dissolution it was adjudged that defendants recover of the plaintiff and the surety on the injunction bond filed in the action the damages which defendants had suffered by reason of the issuance of the temporary restraining order, such damages to be assessed by a jury.

The action was heard by Devin, J., and a jury, at March Term, 1934, of the Superior Court of Vance County on the petition of the defendants that their damages be assessed in accordance with the judgment of Grady, J., and that defendants recover such damages of the plaintiff and the surety on the injunction bond. The penal sum of said bond was $500.00. In their answer, the respondents denied that petitioners had suffered any damages, except the cost of readvertisement of the sale, to wit, $25.00.

The issue submitted to the jury was answered as follows:

"What damages, if any, are the petitioners entitled to recover on account of the issuance of the restraining order in this action, as alleged in the petition? Answer: '$500.00.'"

From judgment that the petitioners recover of the respondents the sum of $500.00, with interest and costs, the respondents appealed to the Supreme Court, assigning as error, chiefly, an instruction of the court to the jury.

*T. G. Stem for petitioners.*
*A. A. Bunn, J. B. Hicks, and J. H. Bridgers for respondents.*

CONNOR, J. At the trial of the issue submitted to the jury in this action there was evidence tending to show that the value of the land described in the deeds of trust did not depreciate from the date of the issuance of the restraining order to the date of its dissolution, and that said value was not sufficient to pay the debts secured by the deeds of

trust, at the date of the issuance of the order, or at the date of its dissolution. The interest on the value of the land from the date of the order to the date of its dissolution exceeded the penal sum of the bond, to wit, $500.00. The amount of the indebtedness secured by the deeds of trust was about $33,000. The market value of the land was $17,500.

The court instructed the jury as follows:

"If you find from the evidence, by its greater weight, that there was no depreciation in the market value of the property between the dates of the issuance and of the dissolution of the injunction, and that the market value of the property both at the date of the issuance of the injunction and at the date of its dissolution, was insufficient to pay the debt, principal and interest, then the petitioners have sustained damages in the loss of interest accrued after the injunction was issued, and up to the date of its dissolution, and if you find that these are the facts, by the greater weight of the evidence, you should answer the issue such amount as you shall find, by calculation, is the interest on the value of the property at the date of the issuance of the injunction, for the time the injunction was in force, plus the cost of readvertisement of the sale, in all, however, not to exceed the sum of $500.00; otherwise, you should answer the issue, $25."

This instruction is correct. The respondents' exception to the instruction is not sustained. See *Gruber v. Ewbanks,* 199 N. C., 335, 154 S. E., 318.

There was no error in the trial of the issue. The judgment is affirmed.

No error.