IN THE MATTER OF THE DEED OF TRUST OF: MARVIN SIMON, HERBERT CASHVAN AND CLAUDE HARRIS, PARTNERS T/A LEA COMPANY, GRANTORS, TO ARCHIE C. WALKER, TRUSTEE, RECORDED IN DEED OF TRUST BOOK 2703, PAGE 481, GUILFORD COUNTY REGISTRY

No. 7718SC151

(Filed 18 April 1978)

1. **Injunctions § 16; Mortgages and Deeds of Trust § 19— remedies for person wrongfully restrained**
   For many years the law in N.C. has provided that a person wrongfully restrained could elect either (1) to recover only the amount of the bond for the damages he has suffered simply by petitioning the trial court in that action for recovery or (2) to forego his action on the bond and bring an independent tort suit for malicious prosecution; therefore, petitioner in this action who sought to recover on bonds posted by respondents to protect petitioner from probable loss by reason of delay in the foreclosure on a deed of trust was entitled to recover, upon a showing that he was damaged by the delay, only the amount of the bonds, which was $34,500.

2. **Mortgages and Deeds of Trust § 19— foreclosure restrained—appeal bonds**
   G.S. 45-21.16 governs only bonds covering appeals from the clerk to the trial court in foreclosure actions, while bonds for appeals from the traditional trial court to the Court of Appeals in foreclosure actions are governed by G.S. 1-292.

3. **Injunctions § 16; Mortgages and Deeds of Trust § 19— foreclosure restrained—appeal from clerk to trial court—bond posted— interest as part of damages**
   Interest accruing on the indebtedness during the pendency of a stay of foreclosure would be a proper measure of damages under a bond conforming to the language of G.S. 45-21.16.

In re Simon

4. **Injunctions § 16; Mortgages and Deeds of Trust § 19— foreclosure restrained—appeal from trial court to Court of Appeals—bond posted—proper measure of damages**

In an action on a bond drawn in the language of G.S. 1-292 covering an appeal from the trial court to the Court of Appeals in a foreclosure action, the only measure of damages is waste plus the value of the use and occupation of the property.

5. **Injunctions § 16; Mortgages and Deeds of Trust § 19— foreclosure restrained—bond to protect from any loss by reason of delay—interest as part of damages**

Where respondents posted a bond to protect petitioner from "any probable loss by reason of delay" in the foreclosure on a deed of trust, interest accruing on the debt would be a proper measure of damages, though not required by G.S. 1-292, since, regardless of the statutory language, a surety is liable on his bond under the language of the bond he has actually given rather than the most restricted language which would suffice under the statute.

6. **Rules of Civil Procedure § 6— affidavits not served prior to hearing—opportunity for examination**

Respondents were not prejudiced where the trial court considered affidavits not served on them prior to the hearing, since respondents had twelve days from the beginning of the hearing to its completion to review the affidavits.

APPEAL by respondents from *Crissman, Judge.* Judgment entered 24 September 1976, Superior Court, GUILFORD County. Heard in the Court of Appeals 8 December 1977.

On 1 October 1974, Marvin Simon, Herbert Cashvan, and Claude G. Harris, partners trading as Lea Company, executed and delivered to Virginia National Bank a note in the face amount of $2,100,000 secured by a deed of trust on real and personal property owned by them and located in Guilford County. Default was made in the payment of the note, and, on 21 November 1975, petition for hearing on right to foreclose was filed by the trustee. At the time of default, Monumental Life Insurance Company and Volunteer State Life Insurance Company were the holders of the note. Notice of hearing, dated the same day, set the time for the hearing as 8 December 1975. On 5 December 1975, the Clerk, on motion of Claude G. Harris, entered an order postponing the hearing to 18 December 1975. On 17 December, after a hearing held by agreement of the parties, an order authorizing foreclosure was entered. The order required respondents to "post a total bond of $2500.00 to protect the petitioner from *any probable loss by*

*reason of delay in the foreclosure, if a final judgment is entered authorizing said foreclosure after all appeals have been concluded.*" (Emphasis added.)

On 30 December respondents filed a bond secured by cash deposit of $2500. The pertinent provisions of the bond were that "the bond to protect Archie C. Walker, Trustee, from any probable loss by reason of delay in the foreclosure has been set at $2500.00", and "if said appellants shall pay all such losses not exceeding the amount of this bond, as the Court ultimately finds resulted from delay in the foreclosure by reason of their appeal. . . ."

On 26 January 1976, the Superior Court entered an order authorizing foreclosure. Respondents gave notice of appeal. The court ordered that "respondents should post a total bond of $32,000.00 to protect the petitioner from *any probable loss by reason of delay in the foreclosure, if a final judgment is entered authorizing said foreclosure after all appeals have been concluded.*" (Emphasis added.) The bond was filed on 26 January 1976, again secured by cash deposit. Again it recited that "the bond to protect Archie C. Walker, Trustee, from *any probable loss by reason of delay in the foreclosure* has been set at $32,000.00", and was to be null and void "if said appellants shall pay all losses not exceeding the amount of this bond, as the court ultimately finds resulted from delay in the foreclosure by reason of their appeal. . . ."

On 28 January 1976, the trustee filed a motion asking for the appointment of a receiver to take possession of the real estate. This motion was denied and, in the order denying it, the court concluded that the court had previously required respondents to post bonds of $2500 and $32,000 as security for the trustee for probable losses by reason of delay in the foreclosure caused by appeal, and trustee was, therefore, secured.

On 23 March 1976, this Court allowed the trustee's motion to dismiss respondents' appeal as frivolous. On 30 March 1976, respondents sought discretionary review by the Supreme Court.

On 9 April 1976, trustee filed a motion for determination of damages and costs resulting from the delay in foreclosure. In that motion, trustee recited that the sale was then set for 26 April;

that a total of 109 days would have elapsed from the date of the first scheduled sale; that the damages and costs trustee would have suffered would be accrued interest for 109 days @ $499.28 or a total of $54,481.30, accrued ad valorem taxes for 109 days in the total amount of $10,113.02, publication cost of $99, attorney fees and expense in the amount of $9,075, and fee of $10 to the Court of Appeals for filing motion.

The foreclosure sale was held on 26 April 1976, and Monumental Life Insurance Company was the highest bidder at $1,930,321.58. On 26 April, Wachovia Mortgage Company notified respondents that the holders of the indebtedness would take possession of the property on 27 April, under the provisions of the deed of trust, to collect rents and preserve the property pending the completion of the foreclosure. On the day of the sale, respondents served on the trustee a protest and objection to the sale, and on 29 April, they filed a motion for an order requiring Monumental Life Insurance Company, Wachovia Mortgage Company, and Irvin W. Grogan III to show cause why they should not be held in contempt for violating the stay order of 26 January 1976. In that motion they recited that the court had required a bond of $32,000 to protect the trustee from "any probable loss" by reason of delay in foreclosure if a final order is entered authorizing the foreclosure "after all appeals have been concluded" and that the court had stayed foreclosure pending appeal; that the trustee had held a foreclosure sale and then agents of the high bidder had attempted to take possession of the property; that an appeal to the Supreme Court was pending. A show cause order was entered on 29 April, and Monumental Life Insurance Company, Wachovia Mortgage Company, and Grogan (as agents for Monumental), filed a response. Hearing on the show cause order was had, and an order was entered on 7 May 1976 denying the motion. From that order respondents noted an appeal.

On 14 July 1976, the Supreme Court denied respondents' petition for a writ of certiorari, and dismissed their appeal. On 20 July 1976, petitioner filed an application for writ of assistance to obtain possession of the property. The Clerk issued the writ of assistance on 2 August 1976, and, on the same date, the parties stipulated that possession would be delivered to petitioner on that date, respondents reserving certain rights.

On 6 August 1976, respondents filed a motion for return of security and notice of the taking of the deposition of Irvin W. Grogan III. They also filed a request for the production of documents. On 10 August, petitioner filed his response and objection to the request for production of documents and motion for return of security and moved for a protective order under G.S. 1A-1, Rule 26(c).

On 10 September 1976, and continuing on 22 September 1976, a hearing was had on all the motions then pending. The court heard evidence and had before it the entire record in this matter. The court entered its order on 24 September 1976. After finding facts, the court denied the motions of respondents for production of documents, for return of security, and for further discovery. The court allowed the trustee's motion for protective order and his motion for determination of damages, concluded that the bonds do not limit the liability of respondents, and ordered that the trustee should have and recover of the respondents, jointly and severally.

"(a) The full sum of $48,983.14, for increased debt by the addition of interest;

(b) The full sum of $8,743.56, for increased ad valorem tax liability;

(c) The full sum of $10.00 for Court costs in the Court of Appeals;

(d) The full sum of $99.00 for loss of advertisement costs;

(e) The full sum of $7,000.00 for counsel fees incurred with Dees, Johnson, Tart, Giles & Tedder, Attorneys;

(f) Interest on the total of the foregoing amounts at 6% per annum from the date of this Judgment; and

(g) The costs of this matter as taxed by the clerk."

Respondents appeal, excepting to almost every finding of fact, conclusion of law, and every numbered part of the judgment.

*Dees, Johnson, Tart, Giles & Tedder, by J. Sam Johnson, Jr., Charles M. Tate and Charles R. Tedder, for petitioner appellee.*

*Turner, Enochs, Foster & Burnley, by C. Allen Foster, James L. Burnley IV, and Eric P. Handler, for respondent appellants.*

MORRIS, Judge.

[1] Although appellants concede that appellee is entitled to damages, they contend that the damages must be limited by the amount of the bond. We are constrained to agree. For many years, the law in North Carolina has provided that a person wrongfully restrained could elect either (1) to recover only the amount of the bond for the damages he has suffered simply by petitioning the trial court in that action for recovery or (2) to forego his action on the bond and bring an independent tort suit for malicious prosecution. *Electical Works Union v. Country Club East*, 283 N.C. 1, 194 S.E. 2d 848 (1973); *Shute v. Shute*, 180 N.C. 386, 104 S.E. 764 (1920). Petitioner's position in this case is no different. By petitioning the trial court in the present action for a recovery on the bond, the petitioner limited his recovery to the amount of the bond. The reason underlying the rule is obvious. The trial court has the power to award only the amount which the surety has contractually bound himself to pay. In the absence of a bond, the court could award no recovery at all in that action. The injured party would be forced to file a new and independent action, and a full trial on that action would be necessary. The process of recovering on the bond involves a compromise. One can recover on the bond in the same action simply by showing that he was damaged by the restraint, but to do so he must limit his recovery to the amount of the bond. *Bank v. Hicks*, 207 N.C. 157, 176 S.E. 249 (1934), and *Gruber v. Ewbanks*, 199 N.C. 335, 154 S.E. 218 (1930). Therefore, petitioner's recovery in this case is limited to $34,500, the amount of the two bonds.

We now determine whether the court correctly allowed interest as an item of damages.

In determining whether interest on the indebtedness is a proper measure of damages, we must look both to the statutes which required the bonds and to the language of the bonds.

In re Simon

Respondents argue that the initial $2500 bond was issued pursuant to G.S. 45-21.16 but that the subsequent $32,000 bond was issued pursuant to G.S. 1-292. We agree.

[2]   What is now G.S. 45-21.16 was first enacted by the First Session of the 1975 General Assembly. G.S. 45-21.16 provides for a right to appeal the clerk's decision to allow foreclosure to the district or superior court. The appeal automatically entitles the appealing party to a stay provided that he posts "a bond with sufficient surety to protect the prevailing party from any probable loss by reason of the delay in the foreclosure." G.S. 45-21.16(d). The language of G.S. 45-21.16(d) makes reference only to an appeal from the clerk of court. Inasmuch as G.S. 45-21.16 was the first legislation enacted which affected foreclosure proceedings after the decision in *Turner v. Blackburn*, 389 F. Supp. 1250 (W.D.N.C. 1975) (which held the then existing procedures before the clerk unconstitutional), it is safe to assume that the legislature was responding to the due process requirements set out in that case. G.S. 45-21.16, therefore, would be concerned solely with procedures taking place before the clerk of court and appeals therefrom to the district or superior court, not with the more traditional and constitutionally permissible procedures for appeal from the district court or the superior court to the Court of Appeals. Thus, we conclude that G.S. 45-21.16 governs only the bond covering the appeal from the clerk to the trial court; bonds for appeals from the traditional trial courts to the Court of Appeals in foreclosure actions are governed as they previously were by G.S. 1-292.

[3]   G.S. 45-21.16(d) requires a bond "to protect the prevailing party from any probable loss by reason of delay in the foreclosure." This language deviates substantially from the language used in other bond statutes. G.S. 1-292, which covers bonds for appeals from the trial courts to the Court of Appeals, requires a bond to cover "waste" and "the value of the use and occupation of the property". G.S. 45-21.34, which covers injunctions against the confirmation of sales, requires a bond covering "costs, depreciation, interest and other damages." The language of G.S. 45-21.16 is considerably broader than the language under either G.S. 45-21.34 or G.S. 1-292. We must, therefore, conclude that the legislature intended that the courts have great latitude in measuring damages under G.S. 45-21.16. In actions involving in-

junctions against foreclosure, our Supreme Court has in *Bank v. Hicks, supra,* approved the use of interest on the value of the land, and in *Gruber v. Ewbanks, supra,* approved the use of the interest accruing on the indebtedness during the period of the injunction. Under the very broad langauge of G.S. 45-21.16, we believe that either one of these measures of damage would be proper. Therefore, interest accruing on the indebtedness during the pendency of stay would be a proper measure of damages under a bond conforming to the language of G.S. 45-21.16.

[4]  It is obvious that the only proper measure of damages under a bond using the very same language as G.S. 1-292 would be waste plus the value of the use and occupation of the property.

[5]  Regardless of the statutory language, a surety is liable on his bond under the language of the bond he has actually given rather than the most restricted language which would suffice under the statute. The surety is liable on the instrument in accordance with the language he actually used. *See generally Town of Hillsborough v. Smith,* 10 N.C. App. 70, 178 S.E. 2d 18 (1970), *cert. denied* 277 N.C. 727, 178 S.E. 2d 831 (1971). Therefore, in this case, respondent is liable on the bond for "any probable loss by reason of the delay." Although G.S. 1-292 does not require a bond which uses language as expansive as respondents used in the $32,000 bond, the language actually used in the bond entitles petitioner to use interest accruing on the indebtedness as the measure of damages. *Gruber* approved accrued interest as an acceptable measure of damages where the bond, pursuant to C.S. § 854 (now repealed), protected the other party against "such damages . . . as he sustains by reason of the injunction." The language the court confronted in *Gruber* closely parallels the very broad language ("any probable loss") used in this bond. Therefore, interest accruing on the debt would be a proper measure of damages. Since the language used for both the $2500 bond and the $32,000 bond is the same, the petitioner is entitled to use the same measure of damages in both instances. Thus, there was no error in the trial court's use of interest on the indebtedness as the measure of damages.

Petitioner in this case proved to the satisfaction of the trial court damages in the amount of $48,983.14 as measured by interest accruing on the indebtedness. We have held that peti-

tioner's recovery is limited to $34,500, the total amount of the two bonds. Because petitioner's recovery cannot exceed $34,500 and because petitioner has already proved damages in excess of that amount, it is unnecessary for this Court to decide whether the trial court's allowance of ad valorem taxes and attorney's fees was appropriate since any error would be harmless. *Insurance Co. v. Tire Co.*, 286 N.C. 282, 210 S.E. 2d 414 (1974).

Respondents have also assigned as error the trial court's refusal to allow further discovery by the respondents. It appears that the primary purpose of this effort was to determine facts with respect to the billing procedures of the petitioner's attorney. Respondents do not seriously argue that the calculation of accrued interest was erroneous. Because accrued interest exceeds the amount of the bonds, respondents cannot show wherein they have been harmed by the trial court's refusal to permit further discovery. Thus, there is no reversible error. *Insurance Co. v. Tire Co., supra.*

[6] Finally, respondents argue that the decision of the trial court should be reversed because the trial court considered affidavits not served on them prior to the hearing. While it may be true that the affidavits were not served on them prior to the hearing, respondents had a period of 12 days between 10 September 1977, the date on which the hearing was commenced, and 22 September 1977, the date on which the hearing was completed, to review the affidavits. While we do not approve this procedure, we do not find prejudice to respondents sufficient to warrant reversal. *Story v. Story*, 27 N.C. App. 349, 219 S.E. 2d 245 (1975).

For the reasons we have previously stated, the petitioner is entitled to recover $34,500, the amount of the two bonds, with interest thereon as provided in the judgment entered. The case, therefore, will be remanded to the trial court for entry of judgment in the amount of the total of the two bonds, plus interest thereon. The judgment of the trial court is

Affirmed in part; reversed in part; and remanded.

Judges HEDRICK and ARNOLD concur.