IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-90
 No. COA15-97

 Filed: 5 January 2016

Union County, No. 14 CVS 1717

SHAKA GREENE, Plaintiff,

 v.

TRUSTEE SERVICES OF CAROLINA, LLC and U.S. BANK, NATIONAL
ASSOCIATION, Defendants.
 _______________________________

Union County, No. 13 SP 183

IN RE: IN THE MATTER OF THE FORECLOSURE OF REAL PROPERTY UNDER
DEED OF TRUST FROM JEFFREY S. KENLEY AND LAURA L. KENLEY, IN THE
ORIGINAL AMOUNT OF $296,700.00, AND DATED SEPTEMBER 29, 2005 AND
RECORDED ON SEPTEMBER 30, 2005, IN BOOK 3935 AT PAGE 425, UNION
COUNTY REGISTRY

TRUSTEE SERVICES OF CAROLINA, LLC, SUBSTITUTE TRUSTEE

 Appeal by plaintiff Shaka Greene from orders entered 27 August 2014, and by

respondent Shaka Greene from an order entered 3 September 2014 by Judge W.

David Lee in Union County Superior Court. Heard in the Court of Appeals 1 June

2015.

 The Law Office of Erin E. Rozzelle, PLLC, by Erin Rozzelle, for
 plaintiff/respondent-appellant.

 Brock & Scott, PLLC, by Jolee M. Wortham, for defendant/petitioner-appellee
 Trustee Services of Carolina, LLC.

 Bell, Davis & Pitt, P.A., by Adam T. Duke and D. Anderson Carmen, for
 defendant/petitioner-appellee U.S. Bank, National Association.
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

 GEER, Judge.

 Shaka Greene has brought two separate appeals arising out of his challenge to

a foreclosure sale based on a Deed of Trust on property he purchased at a sale

resulting from foreclosure on a claim of lien for nonpayment of homeowners’

association dues by the property owners, Jeffrey and Laura Kenley. As the issues

presented in the two appeals involve common questions of law, we have consolidated

the appeals for purposes of decision.

 In COA15-97, Mr. Greene, as respondent, appeals from an order allowing

petitioner, U.S. Bank, N.A., through substitute trustee Trustee Services of Carolina,

LLC, to proceed with foreclosure on the property. On appeal, Mr. Greene argues that

U.S. Bank has not satisfied the requirements set forth in N.C. Gen. Stat. § 45-21.16(d)

(2013) in that U.S. Bank failed to establish that it was the holder of the note at issue

and failed to show proper service on the Kenleys. However, the exhibits admitted

into evidence in the special foreclosure proceeding show that U.S. Bank was in

possession of a promissory note indorsed in blank and secured by a Deed of Trust

encumbering Mr. Greene’s property. These facts are sufficient to show that U.S.

Bank is holder of the note and the beneficiary of the Deed of Trust. Additionally, Mr.

Greene, who does not dispute that he received proper notice and challenges only the

notice to the Kenleys of the hearing on his appeal, has not shown that U.S. Bank

failed to give the statutorily-required notice. We, therefore, affirm the order.

 -2-
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

 In COA15-90, plaintiff Shaka Greene appeals from an order dismissing,

pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, his claim to quiet title

asserted against defendant U.S. Bank and substitute trustee Trustee Services,

brought to prevent any action to foreclose on the property previously owned by the

Kenleys and bought and occupied by Mr. Greene. Mr. Greene argues in support of

his quiet title claim that U.S. Bank is not the holder of a valid debt secured by a Deed

of Trust encumbering Mr. Green’s property. Because the complaint showed that U.S.

Bank was the holder of the promissory note secured by the Deed of Trust and,

therefore, had a valid interest in the property, we hold that Mr. Greene failed to allege

sufficient facts to support the quiet title claim. Consequently, we affirm the trial

court’s order granting the motion to dismiss. Moreover, we agree with defendant

Trustee Services that the trial court properly awarded it attorney’s fees pursuant to

N.C. Gen. Stat. § 45-45.3 (2013) because Trustee Services was an improper party to

the quiet title action.

 Facts

 On 29 September 2005, Jeffrey and Laura Kenley executed a promissory note

(the “Note”) in the original amount of $296,700.00 in favor of Homebanc Mortgage

Corporation. The Note was secured by a Deed of Trust encumbering certain specified

property (“the property”) and was recorded in Union County, North Carolina. The

Kenleys defaulted under the terms of the Note by failing to make monthly payments

 -3-
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

beginning on 1 July 2009. On 11 March 2010, the Kenleys filed for Chapter 7

bankruptcy, and in their bankruptcy petition, the Kenleys stated that they intended

to surrender the property.

 On 12 March 2010, U.S. Bank, N.A., through David Simpson as substitute

trustee, initiated foreclosure proceedings against the Kenleys in Union County

special proceeding 10 SP 449. The foreclosure proceeding was stayed due to the

Kenleys having filed for bankruptcy. On 16 May 2010, the bankruptcy court granted

U.S. Bank’s motion for relief from the bankruptcy stay to allow U.S. Bank to proceed

with the foreclosure. On or about 30 June 2010, the Kenleys obtained a discharge

from bankruptcy that included the debt based on the Note.

 The Kenleys also defaulted on their obligations to pay homeowners association

dues on the property, and, on 6 October 2011, the Emerald Lake at Country Woods

Homeowners Association, Inc. filed a claim of lien on the property. The Homeowners

Association foreclosed on the claim of lien and the property was sold at a public sale

on 2 May 2012 to the highest bidder, Shaka Greene, for $4,706.41. The Association

Lien Foreclosure Deed was a non-warranty deed and was recorded in Union County

on 27 July 2012. Mr. Greene did not conduct a title search prior to purchasing the

property and understood a possibility existed that the property was encumbered by a

superior lien. Mr. Greene occupied the property as his primary residence beginning

on 1 August 2012.

 -4-
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

 On 8 February 2013, U.S. Bank, through substitute trustee Trustee Services,

initiated foreclosure proceedings against the Kenleys in 13 SP 183. Mr. Greene, as

the record owner of the property, received notice of the foreclosure and appeared at

the hearing before the clerk of court on 2 April 2014. After the hearing, the clerk

entered an order authorizing the foreclosure sale. On 10 April 2014, Mr. Greene

appealed the clerk’s order to superior court for de novo review.

 On 3 July 2014, while Mr. Greene’s appeal of the clerk’s order was pending,

Mr. Greene filed a complaint in 14 CVS 1717 against Trustee Services and U.S. Bank,

and filed an amended complaint on 5 August 2014. In the amended complaint, Mr.

Greene asserted a claim to quiet title to the property and a claim seeking injunctive

relief to prevent defendants from taking any action to foreclose on the property until

the quiet title claim could be heard. The complaint included allegations suggesting

that any assignments of the Note to U.S. Bank were invalid, unauthorized, or

otherwise defective and that there were also discrepancies in the notices of

substitution of trustee. Based upon these allegations, the complaint asserted that

there was not a valid debt owed on the property, that the Deed of Trust was invalid,

that U.S. Bank was not the holder of any note, and that Trustee Services had no

authority to initiate the foreclosure proceeding.

 On 14 August 2014, U.S. Bank filed a motion to dismiss the amended complaint

pursuant to Rule 12(b)(6) on the ground that the facts alleged were insufficient to

 -5-
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

state any viable claim and that the issues raised in the amended complaint should be

heard and determined in the foreclosure special proceeding pursuant to N.C. Gen.

Stat. § 45-21.16(d) and (d1). Defendant Trustee Services also moved to dismiss and

for attorney’s fees pursuant to N.C. Gen. Stat. § 45-45.3 on the grounds that it was

improperly joined as a party to the action.

 Defendants’ motions were heard by Judge W. David Lee on 25 August 2014.

Judge Lee granted U.S. Bank’s motion to dismiss the civil action filed by Mr. Greene

concluding that “the issues raised by the allegations in the complaint, as amended,

are issues to be determined in the foreclosure special proceeding pending in Union

County, North Carolina, File No. 13 SP 183[.]” The trial court further concluded that

Trustee Services was improperly joined as a defendant pursuant to N.C. Gen. Stat. §

45-45.3. In a separate order entered on the same date, the trial court granted Trustee

Services’ motion for attorneys’ fees in the amount of $1,350.00.

 Immediately following the hearing on the motions to dismiss the amended

complaint in 14 CVS 1717, Judge Lee conducted the de novo hearing in the special

foreclosure proceeding, 13 SP 183, pursuant to N.C. Gen. Stat. § 45-21.16(d1). On 3

September 2014, Judge Lee entered an order authorizing foreclosure of the Deed of

Trust on the property, finding that all six elements of N.C. Gen. Stat. § 45-21.16(d)

were satisfied. Mr. Greene timely appealed all three orders to this Court.

 I

 -6-
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

 We first address Mr. Greene’s appeal from the order in the special foreclosure

proceeding. Upon filing and service of a notice of hearing on a trustee’s request to

foreclose pursuant to a power of sale, N.C. Gen. Stat. § 45-21.16(d) provides that the

clerk of court shall conduct a hearing and may not authorize a foreclosure sale if he

or she finds that there does not exist any one of the following:

 (i) [a] valid debt of which the party seeking to foreclose is
 the holder, (ii) default, (iii) [a] right to foreclose under the
 instrument, (iv) notice to those entitled to such under
 subsection (b), (v) that the underlying mortgage debt is not
 a home loan as defined in G.S. 45-101(1b) . . . and (vi) that
 the sale is not barred by G.S. 45-21.12A[.]

 The clerk’s decision may be appealed to the superior court for a hearing de

novo. N.C. Gen. Stat. § 45-21.16(d1). Both the clerk’s and the superior court’s

authority in the special foreclosure proceeding is limited to determining whether the

six criteria listed in N.C. Gen. Stat. § 45.21.16 are satisfied. In re Foreclosure of

Young, 227 N.C. App. 502, 505, 744 S.E.2d 476, 479 (2013). Correspondingly,

interested parties who seek to prevent the foreclosure sale from going forward are

limited in the special proceeding to challenging the existence of one or more of these

six enumerated findings. Mosler v. Druid Hills Land Co., 199 N.C. App. 293, 295-96,

681 S.E.2d 456, 458 (2009). The applicable standard of review on appeal to this Court

is “ ‘whether competent evidence exists to support the trial court’s findings of fact and

whether the conclusions reached were proper in light of the findings.’ ” In re

 -7-
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

Foreclosure of Adams, 204 N.C. App. 318, 320, 693 S.E.2d 705, 708 (2010) (quoting In

re Foreclosure of Azalea Garden Bd. & Care, Inc., 140 N.C. App. 45, 50, 535 S.E.2d

388, 392 (2000)).

 In his appeal from the superior court’s order in the special foreclosure

proceeding, Mr. Greene first argues that the superior court erred in finding the

existence of a valid debt of which U.S. Bank is the holder. For the superior court to

find that U.S. Bank is the holder of a valid debt in accordance with N.C. Gen. Stat. §

45-21.16(d)(i), “this Court has determined that the following two questions must be

answered in the affirmative: (1) is there sufficient competent evidence of a valid

debt[;] and (2) is there sufficient competent evidence that [the party seeking to

foreclose is] the holder[] of the notes [that evidences that debt?]” Adams, 204 N.C.

App. at 322, 693 S.E.2d at 709 (internal quotation marks omitted). Mr. Greene

concedes that a valid debt exists, and the issue on appeal is whether or not competent

evidence exists to support the superior court’s finding that U.S. Bank is the current

holder of the Note.

 The definition of “holder” under the Uniform Commercial Code (“UCC”), as

adopted by North Carolina, controls the meaning of the term as used in N.C. Gen.

Stat. § 45-21.16(d)(i). In re Foreclosure of Gilbert, 211 N.C. App. 483, 490, 711 S.E.2d

165, 171 (2011). The UCC defines “holder” as including “[t]he person in possession of

a negotiable instrument that is payable either to bearer or to an identified person

 -8-
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

that is the person in possession[.]” N.C. Gen. Stat. § 25-1-201(b)(21)(a) (2013). When

a negotiable instrument is indorsed in blank, the “instrument becomes payable to

bearer and may be negotiated by transfer of possession alone until specifically

indorsed.” N.C. Gen. Stat. § 25-3-205(b) (2013). Here, the Note presented to the

superior court by U.S. Bank was (1) indorsed in blank and (2) in the possession of

U.S. Bank.

 Mr. Greene argues that the record does not contain sufficient evidence that

U.S. Bank is the holder of the Note because U.S. Bank did not present evidence

regarding the transfer of the Note to U.S. Bank or how it otherwise came into

possession of the Note. In support of this argument, Mr. Greene relies solely on

Gilbert, 211 N.C. App. at 492, 711 S.E.2d at 172, contending that production by a

party of an original note at trial does not, in itself, establish that the note was

transferred to that party with the purpose of giving them the right to enforce the

instrument. In Gilbert, however, in contrast to this case, the note presented to the

trial court was not indorsed in blank, but rather was specially indorsed, and the party

in possession of the note was not the entity to whom the note was payable. Id. (noting

that “the Note was not indorsed to Petitioner or to bearer, a prerequisite to confer

upon Petitioner the status of holder under the UCC”).

 Contrary to Mr. Greene’s contention, there is no provision of the UCC requiring

a party in possession of a note indorsed in blank to show transfer of the note in order

 -9-
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

to enforce it. Instead, “[i]t is the fact of possession which is significant in determining

whether a person is a holder” of a note indorsed in blank. In re Foreclosure of

Connolly, 63 N.C. App. 547, 550, 306 S.E.2d 123, 125 (1983). Whenever this Court

has held that mere possession of the original note was insufficient to satisfy the

definition of a holder, the “original notes were either (1) not drawn, issued, or

indorsed to the party, to bearer, or in blank, or (2) the trial court neglected to make a

finding in its order as to which party had possession of the note at the hearing.” In

re Foreclosure of Manning, 228 N.C. App. 591, 598, 747 S.E.2d 286, 292 (2013)

(emphasis added).

 Here, because the Note was indorsed in blank and U.S. Bank had possession

of the Note, the superior court properly determined that U.S. Bank was the holder of

the Note, satisfying N.C. Gen. Stat. § 45-21.16(d)(i). See In re Foreclosure of Cornish,

___ N.C. App. ___, 757 S.E.2d 526, 2014 WL 636969, at *2, 2014 N.C. App. LEXIS

216, at *4 (2014) (unpublished) (holding that the note indorsed in blank “became

payable to its bearer” and “ ‘[i]n this instance, the production of the note [was]

sufficient to prove the lender’s status as the holder of the note’ ”).

 Mr. Greene also argues that the superior court erred in finding that the notice

requirement was met with respect to the Kenleys. Mr. Greene, the record owner of

the property, does not dispute that he received proper notice or that the Kenleys

received proper notice of the initial hearing before the clerk of court. Mr. Greene

 - 10 -
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

argues only that U.S. Bank did not properly serve the Kenleys with notice of the

calendaring of the hearing on Mr. Greene’s appeal of the clerk of court’s decision. The

Kenleys, however, did not appeal the clerk of court’s decision. Mr. Greene has made

no showing on appeal regarding how he has been prejudiced by or how he has

standing to contest the adequacy of the notice to the Kenleys of the hearing on his

appeal. The superior court, therefore, properly found that U.S. Bank met the notice

criteria of N.C. Gen. Stat. § 45-21.16(d).

 Lastly, with respect to the special foreclosure proceeding, Mr. Greene argues

that the superior court erred in directing that the bond posted by Mr. Greene,

pursuant to N.C. Gen. Stat. § 45-21.16, be paid to U.S. Bank. Because the superior

court correctly found that all six elements of N.C. Gen. Stat. § 45-21.16 were satisfied,

the court properly ordered the bond paid to U.S. Bank. See In re Simon, 36 N.C. App.

51, 57, 243 S.E.2d 163, 166 (1978) (explaining that bond “ ‘protect[s] the prevailing

party from any probable loss by reason of the delay in the foreclosure’ ” (quoting N.C.

Gen. Stat. § 45-21.16(d) (1977))). Accordingly, we affirm the 3 September 2014 order

authorizing foreclosure on the property.

 II

 With respect to the civil action, 14 CVS 1717, Mr. Greene argues that the trial

court erred by granting defendants’ Rule 12(b)(6) motions to dismiss his claims to

quiet title and for injunctive relief.

 - 11 -
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

 When a party files a motion to dismiss pursuant to Rule
 12(b)(6), the question for the court is whether the
 allegations of the complaint, treated as true, are sufficient
 to state a claim upon which relief may be granted under
 some legal theory, whether properly labeled or not. A
 complaint may be dismissed pursuant to Rule 12(b)(6)
 where (1) the complaint on its face reveals that no law
 supports a plaintiff’s claim, (2) the complaint on its face
 reveals the absence of facts sufficient to make a good claim,
 or (3) the complaint discloses some fact that necessarily
 defeats a plaintiff’s claim. An appellate court reviews de
 novo a trial court’s dismissal of an action under Rule
 12(b)(6).

Horne v. Cumberland Cnty. Hosp. Sys., Inc., 228 N.C. App. 142, 144, 746 S.E.2d 13,

16 (2013) (internal citations and quotation marks omitted).

 Defendants argue that the trial court properly dismissed Mr. Greene’s claims

based on the prior pending action doctrine. Pursuant to that doctrine, “where a prior

action is pending between the same parties for the same subject matter in a court

within the state having like jurisdiction, the prior action serves to abate the

subsequent action.” Eways v. Governor’s Island, 326 N.C. 552, 558, 391 S.E.2d 182,

185 (1990). The doctrine applies where “ ‘the two actions present a substantial

identity as to parties, subject matter, issues involved, and relief demanded[.]’ ” Jessee

v. Jessee, 212 N.C. App. 426, 438, 713 S.E.2d 28, 37 (2011) (quoting Cameron v.

Cameron, 235 N.C. 82, 85, 68 S.E.2d 796, 798 (1952)).

 In the civil action, Mr. Greene seeks to enjoin defendants, the same parties as

in the foreclosure proceeding, from taking any action to foreclose on the property on

 - 12 -
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

the grounds that: (1) there is no valid debt on the property, (2) the Deed of Trust is

invalid, and (3) U.S. Bank is not the holder of the note and Deed of Trust to the

property. Each of these grounds were issues that were to be decided in the foreclosure

special proceeding pursuant to N.C. Gen. Stat. § 45-21.16(d). Thus, the parties, the

subject matter, and the issues involved are the same in the prior pending foreclosure

proceeding as in the civil action.

 With respect to the relief sought, while Mr. Greene’s claim for injunctive relief

in the civil action is identical to the relief sought in the foreclosure proceeding, Mr.

Greene’s quiet title claim also sought to “recover judgment that the cloud of

Defendant U.S. Bank’s adverse claim be removed from his title to the property and

that Plaintiff be declared the owner in fee simple of the property, free and clear of

any claim of the Defendant U.S. Bank.” Mr. Greene argues that the relief sought in

the quiet title claim cannot be granted in the foreclosure special proceeding and,

therefore, the prior action pending doctrine does not apply. Assuming, without

deciding, that the doctrine does not apply to the quiet title claim, we hold that the

superior court properly granted the motion to dismiss because the amended

complaint fails to sufficiently allege a claim to quiet title.

 Actions to quiet title are controlled by N.C. Gen. Stat. § 41-10 (2013), which

provides that such an action “may be brought by any person against another who

claims an estate or interest in real property adverse to him for the purpose of

 - 13 -
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

determining such adverse claims[.]” The purpose of the statute creating a cause of

action to quiet title is to “ ‘free the land of the cloud resting upon it and make its title

clear and indisputable, so that it may enter the channels of commerce and trade

unfettered and without the handicap of suspicion. . . .’ ” Resort Dev. Co. v. Phillips,

278 N.C. 69, 77, 178 S.E.2d 813, 818 (1971) (quoting Christman v. Hilliard, 167 N.C.

4, 8, 82 S.E. 949, 951 (1914)). “ ‘A cloud upon title is in itself a title or encumbrance,

apparently valid, but in fact invalid.’ ” York v. Newman, 2 N.C. App. 484, 488, 163

S.E.2d 282, 285 (1968) (quoting McArthur v. Griffith, 147 N.C. 545, 549, 61 S.E. 519,

521 (1908)).

 “To establish a prima facie case for removing a cloud upon title, two

requirements must be met: (1) the plaintiff must own the land in controversy, or have

some estate or interest in it; and (2) the defendant must assert some claim in the land

adverse to plaintiff’s title, estate or interest.” Hensley v. Samel, 163 N.C. App. 303,

307, 593 S.E.2d 411, 414 (2004). This Court has held that “[a]n invalid deed of trust

would constitute an interest in real property adverse to the interest of the property

owner.” Kelley v. CitiFinancial Servs., Inc., 205 N.C. App. 426, 430, 696 S.E.2d 775,

779 (2010).

 In this case, Mr. Greene’s complaint alleges that he is the owner of the

property, and defendant U.S. Bank claims an interest in the property as the holder

and beneficiary of a Deed of Trust and promissory note secured by the property. The

 - 14 -
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

complaint alleges that U.S. Bank’s claim is not valid because “Defendant U.S. Bank

is not and cannot illustrate that it is in fact the holder and legal beneficiary of a valid

Deed of Trust and promissory note secured thereby of the land [and] Defendant U.S.

Bank is not the original beneficiary to the Deed of Trust and promissory note, and

cannot establish proper chain of title from Homebanc Mortgage Corporation to

illustrate a valid legal interest in the land.”

 However, Mr. Greene’s allegation regarding the validity of U.S. Bank’s claim

is a legal conclusion that is not entitled to a presumption of validity. See Guyton v.

FM Lending Servs., Inc., 199 N.C. App. 30, 33, 681 S.E.2d 465, 469 (2009). Rather,

the question on appeal is whether the factual allegations of the complaint, taken as

true, show that U.S. Bank’s claim is invalid.

 With respect to Mr. Greene’s claim that the Deed of Trust itself is invalid, we

first emphasize that Mr. Greene does not challenge the validity of the Note and Deed

of Trust when executed or recorded. By its terms, the Deed of Trust is to be cancelled

when payment of all sums secured by it has been paid, and the complaint does not

allege payment of the Note in full.

 Mr. Greene’s argument that the Deed of Trust is invalid is based solely on

factual allegations involving MERS, Inc., which was assigned the Deed of Trust and

Note after Homebanc Mortgage filed for bankruptcy. Mr. Greene argues that through

the securitization process employed by MERS, Inc. to create marketable mortgage-

 - 15 -
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

backed securities, the Note and the Deed of Trust are separated, thereby rendering

the Deed of Trust void and unenforceable. This theory is foreclosed by N.C. Gen. Stat.

§ 47-17.2 (2013) which specifies that:

 A transfer of the promissory note or other instrument
 secured by the deed of trust, mortgage, or other security
 interest that constitutes an effective assignment under the
 law of this State shall be an effective assignment of the
 deed of trust, mortgage, or other security instrument. The
 assignee of the note shall have the right to enforce all
 obligations contained in the promissory note or other
 agreement, and all the rights of the assignor in the deed of
 trust, mortgage, or other security instrument, including
 the right to substitute the trustee named in any deed of
 trust, and to exercise any power of sale contained in the
 instrument without restriction.

 In other words, the Note and the Deed of Trust are not separated through the

securitization process: transfer of the Note constitutes “an effective assignment of the

deed of trust,” and the holder of a note can enforce both the note and the Deed of

Trust. Id.; see also Horvath v. Bank of New York, N.A., 641 F.3d 617, 623 (4th Cir.

2011) (rejecting argument that securitization of promissory note caused Deed of Trust

to split from note and become unenforceable, and holding that transfer of note

necessarily involves transfer of underlying security). Accordingly, we hold that

plaintiff’s complaint fails to show that the Deed of Trust is invalid.

 Nor are the allegations in Mr. Greene’s complaint sufficient to show that U.S.

Bank is not the holder of the Note or Deed of Trust. Mr. Greene attached as exhibits

 - 16 -
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

to the amended complaint both the Note that U.S. Bank presented to the clerk of

court in the foreclosure hearing and the Deed of Trust. The Note indorsed in blank

states that “the Lender may transfer this Note. The Lender or anyone who takes this

Note by transfer and who is entitled to receive payments under this Note is called the

‘Note Holder.’ ” The Deed of Trust states, in turn, that the “Lender is the beneficiary

under this Security Instrument.” The Fourth Circuit has interpreted the “Lender” in

a Deed of Trust containing identical language to that in this case to encompass not

only the original Lender specifically named in the Deed of Trust (in this case,

Homebanc Mortgage Corp.), but also any subsequent purchasers of the Deed of Trust.

See id. at 625. This interpretation is consistent with the provision in the Deed of

Trust that “[t]he covenants and agreements of this Security Instrument shall bind . .

. and benefit the successors and assigns of Lender.”

 Because the Note was indorsed in blank, the discrepancies in the Assignments

of Deed of Trust alleged in the complaint are irrelevant. All that was required to

show that U.S. Bank is the holder of the Note and beneficiary of the Deed of Trust

was that U.S. Bank has possession of the Note. The amended complaint alleges that

U.S. Bank submitted the Note, indorsed in blank, to the clerk of court at the

foreclosure special proceeding. That allegation is sufficient to show that U.S. Bank

had possession and was the holder of the Note and, therefore, has a valid interest in

the property.

 - 17 -
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

 Because the amended complaint’s allegations establish that U.S. Bank had a

valid interest in the property, the amended complaint does not state a valid claim to

quiet title. Accordingly, the trial court properly dismissed plaintiff’s amended

complaint. See Joy v. MERSCORP, Inc., 935 F. Supp. 2d 848, 867 (E.D.N.C. 2013)

(dismissing quiet title claim when it was undisputed that borrower had defaulted on

mortgage loan, and complaint’s allegations that bank engaged in practice of “rubber-

stamping” assignments, therefore invalidating assignments did not provide any

factual basis for removing Deed of Trust as an encumbrance on property).

 We next address whether the trial court erred in concluding that Mr. Greene

improperly joined Trustee Services as a party to this action and in awarding

attorneys’ fees pursuant to N.C. Gen. Stat. § 45-45.3. N.C. Gen. Stat. § 45-45.3

provides, in pertinent part:

 (c) Except in matters relating to the foreclosure
 of the deed of trust or the exercise of a power of sale under
 the terms of the deed of trust, the trustee is neither a
 necessary nor a proper party to any civil action or
 proceeding involving (i) title to the real property
 encumbered by the lien of the deed of trust or (ii) the
 priority of the lien of the deed of trust. Examples of civil
 actions or proceedings in which the trustee is neither a
 necessary nor a proper party include, but are not limited to,
 civil actions or proceedings relating to:

 ....

 (3) The establishment or correction of title
 to real property, including, but not

 - 18 -
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

 limited to, actions to quiet title, reform
 land records, or resolve boundary line
 disputes.

(Emphasis added.)

 This statute unambiguously states that the trustee is not a proper party to

“civil actions or proceedings relating to . . . actions to quiet title.” Id. Mr. Greene

argues, however, that the clause “ ‘[e]xcept in matters relating to the foreclosure of

the deed of trust or the exercise of a power of sale under the terms of the deed of

trust’ ” creates an exception to the specific types of proceedings to which a trustee is

not a proper party. (Emphasis omitted; quoting N.C. Gen. Stat. § 45-45.3(c).) We

disagree.

 This clause modifies and creates an exception to the general rule stated in the

latter part of the first sentence: that the trustee is not a proper party to any civil

action or proceeding involving title to real property encumbered by the lien on the

Deed of Trust or the priority of the lien on the Deed of Trust. The second sentence,

however, provides examples of the types of cases where the exception to the general

rule would not apply. In other words, the “examples” listed in the statute are cases

that do not relate to the foreclosure of the Deed of Trust or the exercise of a power of

sale under the terms of the Deed of Trust.

 Additionally, we believe that “matters relating to the foreclosure of the deed of

trust or the exercise of a power of sale under the terms of the deed of trust,” id., refers

 - 19 -
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

to foreclosure special proceedings pursuant to N.C. Gen. Stat. § 45-21.16(d), and to

actions to enjoin a foreclosure sale pursuant to N.C. Gen. Stat. § 45-21.34 (2013). N.C.

Gen. Stat. § 45-21.34 provides:

 Any owner of real estate, or other person, firm or
 corporation having a legal or equitable interest therein,
 may apply to a judge of the superior court, prior to the time
 that the rights of the parties to the sale or resale becoming
 fixed pursuant to G.S. 45-21.29A to enjoin such sale, upon
 the ground that the amount bid or price offered therefor is
 inadequate and inequitable and will result in irreparable
 damage to the owner or other interested person, or upon
 any other legal or equitable ground which the court may
 deem sufficient[.]

 These are the two avenues pursuant to which a party may contest the

foreclosure of the Deed of Trust or the exercise of a power of sale under the terms of

the Deed of Trust. Further, both of these statutory proceedings expressly

contemplate the participation of the trustee. The trustee is the person holding legal

title to the property and the person who is tasked with exercising the power of sale.

See N.C. Gen. Stat. § 45-21.16(a), (d) (providing that trustee initiates foreclosure

special proceeding by filing notice of hearing and serving notice on all interested

parties; “the clerk shall authorize the mortgagee or trustee to proceed under the

instrument, and the mortgagee or trustee can give notice of and conduct a sale

pursuant to the provisions of this Article”). When relief is granted pursuant to N.C.

Gen. Stat. § 45-21.34, the trustee is enjoined from carrying out the foreclosure sale.

 - 20 -
 GREENE V. TR. SERVS. OF CAROLINA, LLC
 IN RE: KENLEY

 Opinion of the Court

Trustees are necessary parties to proceedings pursuant to N.C. Gen. Stat. §§ 45-21.16

and 45-21.34 because the trustee is the party tasked with facilitating the process.

 In contrast, in other civil proceedings regarding title to real property

encumbered by the lien of the Deed of Trust or the priority of the lien of the Deed of

Trust, including the specific examples listed in N.C. Gen. Stat. § 45-45.3, there are

no statutory duties for the trustee to fulfill and his participation in the proceeding

serves no purpose. Accordingly, we agree with the trial court’s interpretation of N.C.

Gen. Stat. § 45-45.3 and with its conclusion that Trustee Services was an improper

party to join as a defendant in the action to quiet title.

 N.C. Gen. Stat. § 45-45.3(d)(3) provides that if a trustee is improperly joined

as a party and makes an appearance in the action, the party who improperly joined

the trustee is “liable to the trustee for all the expenses and costs incurred by the

trustee in the defense of the action or proceeding or in obtaining the trustee’s

dismissal from the action or proceeding, including the reasonable attorneys’ fees

actually incurred by the trustee.” Therefore, the trial court did not err in awarding

attorneys’ fees. Because Mr. Greene does not argue that the amount of fees awarded

was unreasonable, we affirm the order.

 AFFIRMED.

 Chief Judge McGEE and Judge TYSON concur.

 - 21 -