An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-174

Filed 3 December 2025

Mecklenburg County, No. 21CVS000876-590

EASTWOOD CONSTRUCTION PARTNERS,
LLC, f/k/a EASTWOOD CONSTRUCTION, LLC,
d/b/a EASTWOOD HOMES, Plaintiff,
                v.

WAXHAW DEVELOPERS, LLC and
WAXHAW, LLC, Defendants.

Appeal by defendants from order regarding appellate bond damages entered 29 May 2024 by Judge J. Thomas Davis and cross-appeal by plaintiff from attorney fee order entered 20 November 2024 by Alan Z. Thornburg in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 August 2025.

> *Robinson, Bradshaw & Hinson, P.A. by Matthew W. Sawchak, Jazzmin M. Romero, Stephen M. Cox and Patrick H. Hill and FisherBroyles, LLP, by Deborah L. Fletcher and Christopher R. Kinkade, for defendants.*

> *Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, by Katarina K. Wong and James C. Adams, II, for plaintiff.*

PER CURIAM.

This appeal is the second in this matter. The first appeal was from an order entered 29 August 2022 by the trial court directing Defendant (a lot developer) to

specifically perform a contract to sell residential lots to Plaintiff (a homebuilder), based on the trial court's conclusion that the parties have an enforceable purchase contract. *Eastwood v. Waxhaw*, 291 N.C. App. 519 (2023) (unpublished) (hereafter "*Eastwood I*"). A more detailed background concerning the underlying dispute can be found in *Eastwood I*.

This present appeal is by Defendants from an order entered by the trial court on remand from *Eastwood I* directing the $495,000.00 appeal bond posted by Defendants prior to the first appeal to be paid to Plaintiff (the "Bond Order"). Plaintiff cross-appeals an order from the trial court denying, in part, its motion for attorneys' fees (the "Attorneys' Fees Order").

## I. Analysis

### A. Defendants' Appeal

Defendants argue the trial court erred by entering the Bond Order. We disagree for the reasoning below.

To stay the order from the appeal in *Eastwood I*, Defendants posted an appeal bond in the amount of $495,000.00.

The bond was posted pursuant to Section 1-292 of our General Statutes. That statute provides that an order directing the sale of real estate is not stayed on appeal unless the appellant posts a bond requiring the appellant, upon affirmance of the order on appeal, to "pay *the value of the use and occupation of the property* [ ] from the time of the appeal until the delivery of possession thereof" not to exceed the bond

amount.  N.C.G.S. § 1-292 (emphasis added).

On remand from *Eastwood I*, the trial court determined the "loss of possession and use of the property" during the first appeal exceeded the amount of the appeal bond and, therefore, awarded the entire amount of the appeal bond ($495,000.00) to Plaintiff.

On appeal, Defendants argue Plaintiff failed to prove the value of the use and occupation of the land during the appeal was the amount of the appeal bond. Plaintiff, though, argues it did meet its burden and, therefore, the order of the trial court awarding it $495,000.00 should be affirmed.

We note the language of the bond in this case does not track the language in G.S. 1-292 but rather states that Defendants shall pay "all costs and damages that shall be adjusted against [Defendants] on appeal, and shall also satisfy and perform the judgment or order appealed from in case it shall be affirmed . . . [.]"  Neither party makes any argument that the measure of damages used in the bond differs from that in G.S. 1-292 or that the trial court erred by using the measure of damages as set forth in G.S. 1-292.  Accordingly, we do not address that issue.

A successful appellee is not entitled to the amount of the bond automatically; rather, the appellee must show its damages because of the delay caused by the appeal and may recover up to the amount of the bond. *See First National Bank v. Hicks*, 207 N.C. 157, 159 (1934); *In re Simon*, 36 N.C. App. 51, 56–57 (1978).

In determining the damages under a bond, the trial court is to consider the loss

from the perspective *of the appellee*, and not the appellant. *See Currituck v. Hollowell*, 170 N.C. App. 399, 404 (2005).

In its order, the trial court made findings supported by the evidence that Plaintiff's damages, from the perspective of Plaintiff, exceeded over $495,000.00, based on the increase in construction and borrowing costs in 2023 alone. These findings were supported by the evidence. Accordingly, we affirm the order of the trial court.

### B. Plaintiff's Cross-Appeal

Plaintiff argues the trial court abused its discretion by failing to find Plaintiff was entitled to attorneys' fees and expenses under G.S. 1D-45 and G.S. 6-21.6.

We review a trial court's order denying attorneys' fees under both G.S. 1D-45 and G.S. 6-21.6 for abuse of discretion. *Rhyne v. K-Mart*, 149 N.C. App. 672, 690 (2002).

General Statute 1D-45 allows for attorneys' fees "resulting from the defense against [a] punitive damages claim" when the party asserting the claim "knows or should have known" the claim was "frivolous or malicious." N.C.G.S. § 1D-45.

Here, Plaintiff made no argument at the trial court that Defendants' punitive damage claim was "malicious." Therefore, we consider any argument on appeal on this issue waived. And though Defendants were not successful on their claims, we cannot say the trial court abused its discretion in determining Defendants' claims, based on slander of title, were not frivolous.

General Statute 6-21.6 provides a trial court "may" in its discretion award reasonable attorneys' fees "in accordance with the terms of [a] business contract."

The agreement which is the subject of this litigation does not contain an attorneys' fees provision. Plaintiff, though, contends the attorneys' fees provision in the deed of trust controls. Assuming the provision applies, we cannot say the trial court abused its discretion in not awarding attorneys' fees in this case.

Accordingly, we affirm the trial court's order on Plaintiff's motion for attorneys' fees and costs.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges STROUD and GORE.

Report per Rule 30(e).